1  John D. Fiero (CA Bar No. 136557)
   PACHULSKI STANG ZIEHL & JONES LLP
2  150 California Street, 15th Floor
   San Francisco, California 94111-4500
3  Telephone: 415.263.7000
   Facsimile: 415.263.7010
4  E-mail: jfiero@pszjlaw.com

5  *Attorneys for Equity Owners,*
   *Ross Sullivan and Kelleen Sullivan*

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| SVC,<br><br>　　　　　　　　Debtor. | Case No.: 17-10065-RLE<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**RESPONSE OF ROSS AND KELLY SULLIVAN TO MOTION TO COMPROMISE; REQUEST FOR HEARING**<br><br>Date:　None set yet<br>Time:　None set yet<br>Place:　1300 Clay Street, Third Floor<br>　　　　Oakland, CA 94612<br>Judge:　The Hon. Roger L. Efremsky |

Ross and Kelleen Sullivan (the "Sullivans") hereby respond to the *Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants* (the "9019 Motion") filed by chapter 11 trustee Timothy Hoffman (the "Trustee"). Additionally, the Sullivans request that a hearing be set on the 9019 Motion.

As the Court surely appreciates, the 9019 Motion presents creditors, equity holders, and the Court with an inscrutable resolution of some (but not all) of the roadblocks that have kept this case in bankruptcy court. Specifically, without ever disclosing (and perhaps without ever learning) the true "price" demanded by the Napa County action plaintiffs (the "Plaintiffs"), the Trustee has entered into a partial walkaway with Mr. Stephen Finn and his company, WR Rehabilitation (the "Finn Parties"), but has received little in return from the Finn Parties other than the right to litigate his proofs of claim later. This is significant because, from the outset, it appeared that the Plaintiffs

1

were either witting or unwitting accomplices in Mr. Finn's continuation of his divorce.[1] As a result, the consideration flowing from the Finn Parties to the Plaintiffs may very well be paltry in comparison to the value Finn will receive through the Trustee's surrender of the adversary proceeding recently transferred to the District Court.

The Sullivans' other concerns are narrowly-focused.

1. The Exclusion of Releases for the Sullivans.

For reasons unknown, the Plaintiffs have agreed to release the estates, but have carefully preserved their rights to further pursue the Sullivans. *See* Settlement Agreement, paragraph 8(a) ("For the avoidance of doubt, the Trustee Released Parties do not include Kelleen Sullivan or Ross Sullivan."). This must be corrected.[2]

2. The Effect of the Settlement on SVC's Claims Against Buchalter.

The word "Buchalter" does not appear in the version of the settlement agreement recently shared by the Trustee, a copy of which is attached hereto as **Exhibit A** (the "Settlement Agreement"). However, the language of that agreement states in paragraph 8(b) that:

> [T]he Trustee, on behalf of SVC and SVP and on behalf of himself, his agents, attorneys, successors, representatives, and any and all parties claiming by or through him or the Estates, including all officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by through, under, or in concert with them, hereby forever releases and discharges the Settling Creditors, their agents, attorneys …

Presumably, this language would provide a release to Buchalter. It should not, as the estate has obvious breach of fiduciary duty claims against that firm, and Buchalter has not provided any consideration to the estate here.

---

[1] Indeed, the suggestion that Mr. Finn was funding the Plaintiffs' bankruptcy court involvement (and their employment of the conflicted Buchalter firm) went unchallenged by those parties when it was made in open court. Similarly, their unwillingness to jettison the Buchalter firm when it was apparent that the firm was hopelessly conflicted is further evidence that the moral hazard of employing the firm had been shifted from the Plaintiffs to Mr. Finn.

[2] This can be resolved through mutual releases outside of the bankruptcy court. While the Sullivans are working on this matter, it has not been concluded. The Trustee and the Court should wait for that portion of this multi-sided bargain to be completed before going forward with the Settlement Agreement.

### 3. What Remains of SVC and SVP's Involvement with the Finn Parties?

While the issues above require examination and correction, perhaps the issue of greatest concern to the Sullivans is understanding exactly what will remain in the wake of this settlement. Specifically, it is important to completely understand the parties' intent with regard to the very heavily-lawyered releases in paragraph 8 of the Settlement Agreement. Are the Finn Parties agreeing that the bargain has no effect whatsoever on any estate claims not alleged in the Adversary Proceedings that would reduce or eliminate their four pending proofs of claim in this bankruptcy? It would appear so from the following language in the Paragraph 2 of the Settlement Agreement:

> Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement. Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.

For instance, the calculation of the Finn Party Claims has always been a subject of concern for the Sullivans. How exactly did Mr. Finn spend the better part of $2.5 million in attorneys' fees enforcing his "rights" against his ex-wife and her family? The right to retain those fees – paid subject to a reservation of rights – should not be altered by this bargain. Similarly, the estates' challenges to the many forms of indemnity sought by the Finn Parties should all be preserved. If they are not to survive, then a much more thorough and detailed showing of the *A&C Properties* factors should be required here. All of these matters can likely be cleared up at the requested hearing on the 9019 Motion through representations from Mr. Finn's counsel. The Sullivans look forward to hearing them, as the Court likely does as well.

Dated: March 13, 2019            PACHULSKI STANG ZIEHL & JONES LLP

By  */s/ John D. Fiero*
    John D. Fiero
    *Attorneys for Equity Owners,
    Ross Sullivan and Kelleen Sullivan*

# **EXHIBIT A**

(Settlement Agreement)

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn, Winery Rehabilitation, LLC and Timothy W. Hoffman ("Trustee"), chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors").

## RECITALS

A. On December 31, 2015, Angelica de Vere ("de Vere"), Teresa Sullivan ("Teresa"), Sonyia Grabski ("Grabski"), Elizabeth Matulich ("Matulich") and Trinity Scott ("Scott") (collectively, the "Former Employees") filed a complaint in Napa County Superior Court against SVC, Kelleen Sullivan and Ross Sullivan, asserting claims for, inter alia, wrongful termination, breach of contract, slander and civil assault, Case No. 26-67976 ("Napa County Action").

B. On January 12, 2017, SVC filed a cross-complaint ("Napa County Cross-Complaint") against de Vere in the Napa County Action.

C. On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

D. On February 15, 2017, SVC filed its bankruptcy schedules [Docket No. 25], wherein it scheduled SVP as holding a general unsecured claim in the amount of $2,130,720.00 based upon a trade payable (the "SVP Intercompany Claim").

E. On March 1, 2017, de Vere filed a general unsecured proof of claim in SVC's case in the amount of $1,046,826.00, assigned Claim No. 5 in SVC's case. On March 7, 2018, de Vere filed an amendment to Claim 5 in the amount of $3,822,060.00, assigned Claim No. 17 in SVC's case.

F. On March 1, 2017, Teresa filed a general unsecured proof of claim in SVC's case in the amount of $185,769.00, assigned Claim No. 6. On March 9, 2018, Teresa amended Claim No. 6. As amended, Claim No. 6 is asserted in the amount of $1,717,000.00.

G. On March 1, 2017, Grabski filed a general unsecured proof of claim in SVC's case in the amount of $429,134.00, assigned Claim No. 7. On March 15, 2018, Grabski amended Claim No. 7. As amended, Claim No. 7 is asserted in the amount of $2,019,500.00.

H. On March 1, 2017, Matulich filed a general unsecured proof of claim in SVC's case in the amount of $305,000.00, assigned Claim No. 8. On March 16, 2018, Matulich amended Claim No. 8. As amended, Claim No. 8 is asserted in the amount of $1,012,000.00.

I. On March 1, 2017, Scott filed a general unsecured proof of claim in SVC's case in the amount of $55,000.00, assigned Claim No. 9. On March 19, 2018, Scott amended Claim No. 9. As amended, Claim No. 9 is asserted in the amount of $485,000.00.

1

4849-5284-4681.v2
DOCS_SF:100074.1 82168/001

J. On April 10, 2017, Winery Rehabilitation, LLC ("WR") filed Claim Nos. 11 and 12 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $9,940,098.42.

K. On April 10, 2017, Finn filed Claim Nos. 13 and 14 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $4,656,692.36.

L. On July 14, 2017, the Debtors, as debtors-in-possession, filed an adversary proceeding against Stephen A. Finn ("Finn") and de Vere, asserting claims for money damages and objection to the claims of Finn and de Vere, A.P. No. 17-01023 ("Adversary Proceeding").

M. On August 29, 2017, the Trustee was appointed as chapter 11 trustee of the Estates, and succeeded to the Debtors as plaintiff in the Adversary Proceeding and cross-complainant in the Napa County Action.

N. On October 6, 2017, Kelleen Sullivan and Ross Sullivan, who are not parties to this Agreement, filed a complaint against Finn and Trust Company of America, Inc. in the United States District Court for the Northern District California, San Francisco Division ("District Court"), asserting claims for, inter alia, breach of fiduciary duty and unfair business practices, Case No. 3:17-cv-05799-WHO ("District Court Action").

O. On December 11, 2017, as authorized by the *Order Authorizing Trustee to (1) Sell Real and Personal Property Assets of Debtors Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f), and (2) Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365* [Docket No. 249], the Trustee paid distributions to Finn and WR on account of their secured claims, in the aggregate amount of $17,798,383.20, from the proceeds of the sale of substantially all assets of the Debtors.

P. On March 6, 2018, Finn amended Claim Nos. 13 and 14 to assert further secured claims for attorneys' fees in the amount of $200,000.00. On September 11, 2018, Finn amended Claim Nos. 13 and 14 a second time to assert secured claims for attorneys' fees in the amount of $516,097.44 and to assert general unsecured claims for indemnification in an unliquidated amount.

Q. On September 11, 2018, WR amended Claim Nos. 11 and 12 to assert further secured claims for attorneys' fees in the amount of $247,970.82.

R. In November of 2018, the Adversary Proceeding was transferred to the District Court for consideration with the District Court Action. The Adversary Proceeding is currently pending as Case No. 3:18-cv-07088-WHO.

S. Finn, WR and the Former Employees (collectively, the "Settling Creditors") and the Trustee have engaged in settlement discussions concerning the matters set forth above.

T. Finn has agreed to provide confidential consideration to the Former Employees to resolve the Former Employees' claims.

U. The Former Employees are participating in this Agreement due to the economic benefit it provides in alleviating the need for further litigation.

**NOW THEREFORE**, in consideration of the foregoing, and intending to be bound as set forth herein, the Settling Creditors and the Trustee agree as follows:

## AGREEMENT

1. <u>Withdrawal of Former Employee Claims</u>. Claim Nos. 5, 6, 7, 8, 9 and 17 (collectively, the "Former Employee Claims") filed by the Former Employees shall be withdrawn with prejudice. The Bankruptcy Court's order approving this settlement requires withdrawal of the Former Employee Claims with prejudice.

2. <u>Subordination of Finn Party Claims</u>. Claim Nos. 11, 12, 13 and 14 (collectively, the "Finn Party Claims") filed by WR and Finn shall be subordinated to all trade debt reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such trade debt claims are allowed; provided, however, that the Finn Party Claims shall not be subordinated to the SVP Intercompany Claim or any part thereof. For the avoidance of doubt, the amount of trade debt claims to which the Finn Party Claims shall be subordinated is anticipated to be approximately $250,000 in the aggregate. The Bankruptcy Court's order approving this settlement provides for subordination of the Finn Party Claims as set forth herein. Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement. Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.

3. <u>Dismissal of Napa County Action</u>. The Former Employees shall cause the claims against SVC in the Napa County Action to be dismissed with prejudice. The Trustee shall cause the Napa County Cross-Complaint to be dismissed with prejudice. The Former Employees' claims against Kelleen Sullivan shall be dismissed without prejudice.

4. <u>Dismissal of Adversary Proceeding</u>. The Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

5. <u>Waiver of Right to Amend Proofs of Claims to Include Any Consideration Finn Provides to Former Employees</u>. Finn and WR (together, the "Finn Parties") waive and release any rights to, and shall not, amend any of the Finn Party Claims to seek to recover any consideration provided to resolve the Former Employee Claims.

6. <u>Costs and Expenses of Settlement</u>. The Settling Creditors and the Trustee shall bear all their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action, Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement.

7. <u>Approval by Bankruptcy Court</u>. The Trustee shall cause his attorneys to obtain all necessary orders of the Bankruptcy Court to approve this Agreement. If the Agreement is not approved by the Bankruptcy Court, it shall be of no force or effect.

8. <u>Release of Claims</u>.

    (a) Except as expressly set forth herein, the Former Employees, for themselves and on behalf of any and all parties claiming by or through them, hereby forever release and

3

4849-5284-4681.v2
DOCS_SF:100074.1 82168/001

discharge the Trustee, his agents, attorneys, successors, representatives and the Estates (together, the "Trustee Released Parties") from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, or claims (hereinafter collectively "Claims") of any nature whatsoever, whether arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and which have existed at any time up until the date of this Agreement. For the avoidance of doubt, the Trustee Released Parties do not include Kelleen Sullivan or Ross Sullivan.

(b) Except as expressly set forth herein, the Trustee, on behalf of SVC and SVP and on behalf of himself, his agents, attorneys, successors, representatives, and any and all parties claiming by or through him or the Estates, including all officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, hereby forever releases and discharges the Settling Creditors, their agents, attorneys, successors, representatives, officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, accounts, promises, indemnifications, losses or claims of any nature whatsoever, whether at law or in equity, arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, and all Claims in the Napa County Cross Complaint, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, due or become due, secured, or unsecured, and which they now have or hold or which have existed at any time up until the date of this Agreement, and expressly including any Claims asserted in the Adversary Proceeding now pending in the District Court (Case No. 3:18-cv-07088-WHO), and any and all Claims which could have been brought by the Estates or Trustee, on a direct or derivative basis, in any court or through the pursuit of any administrative agency or governing body. For avoidance of doubt, the Trustee is providing the Settling Creditors with the broadest possible release he may provide on behalf of the Estates, and is releasing any and all Claims held by the Estates including any claims that could have been brought by the Estates including all derivative claims. See Stein vs. United Artists 691F.2nd 885 (9th Circuit 1982). The Trustee is not releasing any Claims held directly and exclusively by Ross Sullivan or Kelleen Sullivan as individuals, but the Trustee is releasing Claims of the Estate that could discharge derivative or indirect claims by Ross Sullivan or Kelleen Sullivan, including (without limitation) Claims by or through the Debtor, its Estates, or either of their agents. With respect to the matters released herein, the Former Employees and the Trustee acknowledge that they have each been advised to consult with legal counsel and are familiar with the provisions of California Civil Code Section 1542 and expressly waive any and all rights they each may have under § 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

4

This Agreement together with the releases herein contained, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors-in-interest, partners, directors, officers, insurers, employees, predecessors and assignees of the respective parties.

9. <u>Compromise of Disputed Claim</u>. The Settling Creditors and the Trustee acknowledge that the execution of this Agreement and consummation of the transactions contemplated hereby do not constitute an admission of liability or of any facts by any of the parties hereto.

10. <u>Representations and Warranties.</u> The parties each further expressly warrant and represent to one another as follows:

(a) They have read this Agreement and consulted with their respective attorneys concerning its contents and legal consequences;

(b) They have investigated the facts to the extent that they have deemed necessary in their sole discretion and have assumed any risk of mistake of fact and any facts proven to be other than or different from the facts now known to any of the parties and therefore intend this Agreement to be binding without regard to any mistake of fact or law relating to the subject matter of this Agreement;

(c) They have taken all actions and obtained all authorizations, consents and approvals as are conditions precedent to their authority to execute this Agreement and thus warrant that they are fully authorized to bind the party for which they execute this Agreement; and

(d) There has been and will be no assignment or other transfer of any claim released, or any part thereof.

The foregoing warranties and representations shall survive the execution and delivery of this Agreement.

11. <u>Integration</u>. This Agreement contains the entire agreement between the Settling Creditors and the Trustee regarding its subject matter. This Agreement cannot be modified or amended, except in writing executed by the party to be charged. Except as expressly set forth herein, there have been no representations or promises made by any party and relied upon by the other in entering into this Agreement.

12. <u>Execution of Documents</u>.

(a) The parties agree to act in good faith and to cooperate fully with and amongst one other in carrying out the provisions of this Agreement, and for that purpose the parties hereto each agree to execute any further documents which may be necessary to effectuate the transactions contemplated by this Agreement.

(b) This Agreement may be executed in several counterparts and, as executed, shall constitute one agreement, binding on all parties who have executed a counterpart, notwithstanding that all parties are not signatories to the original or to the same counterparts. All

Case: 17-10065   Doc# 417   Filed: 03/13/19   Entered: 03/13/19 16:28:35   Page 9 of 13

4849-5284-4631.v2
DOCS_SF:100074.1 82168/001

parties signing this Agreement acknowledge and represent they have complete authority to execute this Agreement.

(c) This Agreement may be executed by telecopy or electronically submitted signatures. This Agreement shall be binding on all parties notwithstanding that all parties' telecopied or electronically submitted signature pages are not to the same counterparts.

13. <u>Non-disparagement.</u> The Trustee, Debtors and Settling Creditors each agree that they will not make any disparaging or negative statements, whether written or oral, or engage in any negative communication about one another, including, but not limited to any communications about work, professional conduct or business. Trustee and Debtors further agree they will not disparage Former Employees' job performance or otherwise take any action which could reasonably be expected to adversely affect Former Employees', and each of their, personal or professional reputation.

14. <u>Construction/Severability</u>. In the event of a suit or other legal proceeding arising out of this Agreement, any such action shall be brought in the Bankruptcy Court and the parties hereto shall submit to the jurisdiction of the Bankruptcy Court. If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision in this Agreement. Each party acknowledges that he/she/it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor of or against any party, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

15. <u>Miscellaneous</u>.

(a) Notwithstanding any provision contained in this Agreement to the contrary, in the event of a dispute relative to any provision in this Agreement, the prevailing party shall recover his/her/its reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement, in addition to any damages caused by such dispute.

(b) Each party hereto warrants that he/she/it has made no assignment, and will hereafter make no assignment, of any claim, chose in action, right of action or any other right of any kind which is the subject of this Agreement or which is released pursuant to this Agreement, and that no other person or entity has or had any interest of any kind in the Claims referred to above.

(c) As used in this Agreement, captions and paragraph headings are provided solely for convenience and shall not be deemed to restrict or limit the meaning of the text. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for or against any of the parties

16. <u>Governing Law</u>. This Agreement shall be governed by the laws of the State of California, without regard for choice-of-law provisions, and shall be utilized in construing or interpreting this Agreement and in enforcing the rights and remedies of the parties.

17. <u>Notice</u>.  Any notice required or permitted to be given pursuant to this Agreement shall be deemed effective upon personal delivery or within five days after deposit with the United States Postal Service by certified mail, postage pre-paid, return receipt requested and addressed as follows, and to such other addresses as either party may designate in writing:

    If to the Former Employees:    Jonathan M. Cohen
    Joseph & Cohen
    Professional Corporation
    1855 Market Street
    San Francisco, CA 94103

    If to the Finn Parties:    Philip S. Warden
    Pillsbury Winthrop Shaw Pittman LLP
    Four Embarcadero Center, 22nd Floor
    San Francisco, CA 94111-5998

    If to the Trustee:    Aron M. Oliner
    Duane Morris LLP
    One Market Plaza, Spear Tower, Suite 2200
    San Francisco, CA 94105-1127

18. <u>Terms Read and Understood</u>.  The undersigned hereby certify that they have read all of the foregoing Agreement, have conferred with counsel of their choosing pertaining to the same, fully understand all of the terms hereof, and have authority to enter into the foregoing Agreement.  The parties acknowledge and represent that they enter into this Agreement and all of the contemplated documents of their own free will and not due to any representation, commitment, promise, pressure or duress from any other party.

Dated: _____, 2019

_____
ANGELICA DE VERE

Dated: _____, 2019

_____
TERESA SULLIVAN

Dated: _____, 2019

_____
SONYIA GRABSKI

Dated: _____, 2019

_____
ELIZABETH MATULICH

7

4849-5284-4681.v2f
DOCS_SF:100074.1 82168/001

Dated: _____, 2019  _____
TRINITY SCOTT

Dated: _____, 2019  _____
STEPHEN A. FINN

WINERY REHABILITATION, LLC

Dated: _____, 2019  By: _____

Printed Name: _____

Title: _____

Dated: _____, 2019  _____
TIMOTHY W. HOFFMAN
Chapter 11 Trustee of the Bankruptcy Estates of
SVC and SVP

8

4849-5284-4681.v2
DOCS_SF:100074.1 82168/001

**APPROVED AS TO FORM:**

                                    JOSEPH & COHEN, P.C.

Dated: _____, 2019    By: _____
                                      JONATHAN M. COHEN
                            Attorneys for Angelica de Vere, Teresa Sullivan,
                            Sonyia Grabski, Elizabeth Matulich and
                                           Trinity Scott


                            PILLSBURY WINTHROP SHAW PITTMAN LLP

Dated: _____, 2019    By: _____
                                      PHILIP S. WARDEN
                            Attorneys for Stephen A. Finn,
                            Winery Rehabilitation, LLC and Angelica de Vere
                            in the Adversary Proceeding


                            DUANE MORRIS LLP

Dated: _____, 2019    By: _____
                                      ARON M. OLINER
                            Attorneys for Timothy W. Hoffman,
                            Chapter 11 Trustee

9

Case: 17-10065   Doc# 417   Filed: 03/13/19   Entered: 03/13/19 16:28:35   Page 13 of 13

4849-5284-4681.v2
DOCS_SF:100074.1 82168/001