Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email:  gheaton@duanemorris.com

Counsel for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>            Debtor. | Case No. 17-10065 RLE<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**DECLARATION OF ARON M. OLINER IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS**<br><br>Date:     May 8, 2019<br>Time:    2:00 p.m.<br>Place:   1300 Clay Street, Room 201<br>             Oakland, CA  94612<br>Judge:  The Hon. Roger L. Efremsky |
| In re<br><br>SVP,<br><br>            Debtor. | |

DM3\5625126.2 R1034/00002

1

DUANE MORRIS LLP
SAN FRANCISCO

Case: 17-10065   Doc# 422-1   Filed: 04/03/19   Entered: 04/03/19 14:56:04   Page 1 of 36

I, Aron M. Oliner, declare:

1.     I am an attorney at law duly licensed to practice before this Court, and am a partner in the law firm of Duane Morris LLP, counsel to Timothy W. Hoffman ("Trustee"), the duly appointed, qualified and acting chapter 7 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors"). The matters stated below are made and based upon my personal knowledge, except for those matters stated upon information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify to the matters set forth below.

2.     I submit this declaration in support of the Application for Entry of Order Authorizing Trustee to Enter into Compromise with Various Creditors and Litigants ("Application"), filed herewith.

3.     I am familiar with the compromise described herein and the underlying facts related to the same.

4.     On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

5.     The Debtors, which operated a winery in Rutherford, California, administered the Estates as debtors in possession until the Trustee was appointed on August 29, 2017.

6.     In early 2018, the Trustee, with Bankruptcy Court's approval, sold the winery to Vite USA, Inc. for a confidential sale price. After payment of secured claims and other costs associated with the sale, the Trustee is holding net proceeds for the benefit of the Estates.

7.     Five former employees of SVC have filed proofs of claim totaling $9,055,560: Angelica de Vere ($3,822,060), Theresa Sullivan ($1,717,000), Sonyia Grabski ($2,019,500),

DUANE MORRIS LLP
SAN FRANCISCO
DM3\5625126.2 R1034/00002

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case: 17-10065   Doc# 422-1   Filed: 05/02/19   Entered: 05/02/19 12:56:04   Page 4 of 36

Elizabeth Matulich ($1,012,000), and Trinity Scott ($485,000) (collectively, the "Former Employees" or "Former Employee Claims" as applicable).

8.      The Former Employee Claims are tied to the claims these individuals are asserting in the Napa County Action (as defined and discussed below).

9.      In addition, Stephen A. Finn and his company Winery Rehabilitation LLC (together, the "Finn Parties") assert claims against the Estates for indemnification of attorneys' fees and expenses (in the amounts of $516,097.44 and $247,970.82, respectively) and other unliquidated amounts that have been or may be incurred in both the District Court Action (as defined below) and the Bankruptcy Cases (together, the "Finn Claims").

10.     In addition to the Former Employee Claims and the Finn Claims, there are three pending lawsuits involving most of the Settling Creditors.

11.     The first is an adversary proceeding the Debtors filed against Finn and Angelica de Vere ("de Vere") prior to the Trustee's appointment, entitled SVC v. Finn, A.P. No. 17-01023 (the "Adversary Proceeding").

12.     The Adversary Proceeding has been reassigned to the U.S. District Court for the Northern District of California for consideration together with the second pending lawsuit, Sullivan v. Finn, Case No. 3:17-cv-05799-WHO ("District Court Action").

13.     The District Court Action was commenced against Finn and another of his companies, Trust Company of America, Inc., by Kelleen and Ross Sullivan (together, the "Sullivans"), two members of the Sullivan Family that formerly owned the winery.

14.     Broadly speaking, the Estates in the Adversary Proceeding and the Sullivans in the District Court Action assert claims against the respective defendants for alleged breaches of their fiduciary duties while Finn was a partner of SVP and a controlling shareholder of SVC, and de Vere was an officer of SVC.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625126.2 R1034\00002

3

Case: 17-10065   Doc# 422-1   Filed: 04/03/19   Entered: 04/03/19 14:56:04   Page 3 of 36

15.     The Former Employees filed the third pending lawsuit against the Sullivans and SVC prepetition, in Napa County Superior Court, Case No. 26-67976 ("Napa County Action"), asserting a variety of claims, including labor code violations, wrongful termination, and breach of contract.  The Estates filed a cross-complaint against de Vere in the Napa County Action which mirrors the allegations made in the Adversary Proceeding.

16.     With Bankruptcy Court approval, the Trustee has hired state court counsel to defend SVC, and prosecute counter-claims in the Napa County Action.  In addition, insurance defense counsel is representing the Estates.

17.     Over a period of several months, with the assistance of the Bankruptcy Court and a bankruptcy judge who volunteered his time to serve as mediator, and, separately, through mediation at JAMS, the Trustee, with assistance from his counsel, worked very hard to try to bring all parties to the table and reach a global resolution of all claims, including any non-derivative claims the Sullivans assert against Finn.  During that time, the Trustee kept the Court and parties apprised of his efforts to broker a global settlement.

18.     While a global settlement is not possible at this time, the Trustee has negotiated a compromise involving all principal parties in the Bankruptcy Cases save for the Sullivans.

19.     The terms of the compromise are described below.  The proposed compromise does not resolve claims between the Finn Parties and the Sullivans.  The terms of the compromise are as follows:

- Upon entry of a final order approving this compromise, the Former Employee Claims will be withdrawn with prejudice.  The Napa County Action (including the Estates' Cross-Complaint against de Vere) will be dismissed with prejudice. (The Former Employees' claims against the Sullivans will be dismissed without prejudice.)  The Estates and Former Employees will execute a release of any and

DUANE MORRIS LLP
SAN FRANCISCO

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065-RLE

Case: 17-10065   Doc# 422-1   Filed: 04/03/19   Entered: 04/03/19 14:56:04   Page 4 of 36

all claims against each other, including a waiver of § 1542 of the California Civil Code, and will bear their own attorneys' fees and costs.

- The Finn Claims will be subordinated to all trade debt claims reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such claims are allowed. Finn will undertake full responsibility to completely resolve the Former Employee Claims without increasing the Finn Claims, *i.e.*, Finn will not seek indemnification from the Estates for sums paid to resolve the Former Employee Claims, or expenses incurred in resolving these claims. However, the Finn Claims are not being subordinated to a scheduled intercompany receivable owed by SVC to SVP in the mount of $1,046,826, and are not being liquidated or otherwise resolved and settled as part of this compromise.

- The Trustee, on behalf of the Estates, will dismiss all of the Estates' claims against the Finn Parties and de Vere in the Adversary Proceeding (now pending before the District Court) with prejudice. The Estates will execute a release of any and all claims against the Finn Parties, including a waiver of § 1542 of the California Civil Code. However, the Sullivans' claims against Finn and Trust Company of American, Inc. in the District Court Action will not be dismissed and are not being released as part of this compromise.

20. For reasons set forth in the Application, I believe, as does the Trustee, that the proposed compromise is in the best interest of creditors and the Estate.

21. Attached hereto as **Exhibit "A"** is a true and correct copy of the Settlement Agreement entered into among the parties. The agreement is expressly subject to Bankruptcy Court approval.

DUANE MORRIS LLP
SAN FRANCISCO

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE

Case: 17-10065   Doc# 422-1   Filed: 02/03/19   Entered: 02/03/19 14:56:04   Page 5 of 36

22.     On January 31, 2019, my office caused a Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants (the "Notice") to be served upon the Debtors, all creditors and parties in interest.  A true and correct copy of the Notice, together with certificate of service and confirmation of electronic filing, is attached hereto as **Exhibit "B."**

23.     Pursuant to Bankruptcy Local Rule 9014, the last day for any party to object to the compromise as set forth in the Notice, or request a hearing thereon, was February 21, 2019.

24.     Prior to the objection deadline, the Sullivans' counsel requested an extension of time to object to the Notice.  The Sullivans' counsel, Mr. John Fiero, requested that he be provided an opportunity to review the proposed settlement, and accorded modest additional period of time to file a response.  This was, to my mind, a reasonable request given the myriad issues involved in the proposed settlement.  The Trustee consented to extend the Sullivans' objection deadline through March 13, 2019.

25.     On March 13, 2019, the Sullivans filed a response to the Notice [Docket No. 417] ("Response").  An unexecuted copy of the parties' settlement agreement ("Settlement Agreement"), which I provided to the Sullivans' counsel, is attached to the Response.

26.     The Response raises three principal points, and requests that the matter be set for hearing.

27.     On behalf of the Trustee, I attempted to resolve the matter without a hearing.

28.     Both Finn's counsel and the Sullivans' counsel requested to review and comment on the proposed order approving the compromise.  I forward the proposed order to both counsel, and spent considerable time communicating with counsel in an effort to come up with language in the order that was mutually agreeable to both.  Unfortunately, this was not possible.  Accordingly, I caused this matter to be set for hearing.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5625126.2 R1034/00002

6

OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS CASE NO. 17-10065-RLE

Case: 17-10065   Doc# 422-1   Filed: 04/03/19   Entered: 04/03/19 14:56:04   Page 6 of 36

29.     The areas of dispute over the form of order appear involve two areas:   (i) preservation of rights to challenge the Finn Claims, and (ii) the potential release of the Sullivans' claims against Finn (as opposed to the Estates' claims against Finn).

30.     As of the date of this declaration, except as described above, I am informed and believe that my office has not received any objection to the proposed compromise, nor have I been served with any request for hearing.

31.     I would like the Court to note also, that while there are a number of earlier available dates on this Court's law and motion calendar, in deference to Mr. Philip Warden, counsel to Finn, I have set this hearing for May 8, 2019, at his specific request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 3, 2019, at San Francisco, California.


_____/s/ Aron M. Oliner (152373)_____
ARON M. OLINER

**OLINER DECL. I/S/O APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO COMPROMISE WITH VARIOUS CREDITORS AND LITIGANTS CASE NO. 17-10065-RLE**

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and among Angelica de Vere, Teresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn, Winery Rehabilitation, LLC and Timothy W. Hoffman ("Trustee"), chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors").

## RECITALS

A.     On December 31, 2015, Angelica de Vere ("de Vere"), Teresa Sullivan ("Teresa"), Sonyia Grabski ("Grabski"), Elizabeth Matulich ("Matulich") and Trinity Scott ("Scott") (collectively, the "Former Employees") filed a complaint in Napa County Superior Court against SVC, Kelleen Sullivan and Ross Sullivan, asserting claims for, inter alia, wrongful termination, breach of contract, slander and civil assault, Case No. 26-67976 ("Napa County Action").

B.     On January 12, 2017, SVC filed a cross-complaint ("Napa County Cross-Complaint") against de Vere in the Napa County Action.

C.     On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases").

D.     On February 15, 2017, SVC filed its bankruptcy schedules [Docket No. 25], wherein it scheduled SVP as holding a general unsecured claim in the amount of $2,130,720.00 based upon a trade payable (the "SVP Intercompany Claim").

E.     On March 1, 2017, de Vere filed a general unsecured proof of claim in SVC's case in the amount of $1,046,826.00, assigned Claim No. 5 in SVC's case. On March 7, 2018, de Vere filed an amendment to Claim 5 in the amount of $3,822,060.00, assigned Claim No. 17 in SVC's case.

F.     On March 1, 2017, Teresa filed a general unsecured proof of claim in SVC's case in the amount of $185,769.00, assigned Claim No. 6. On March 9, 2018, Teresa amended Claim No. 6. As amended, Claim No. 6 is asserted in the amount of $1,717,000.00.

G.     On March 1, 2017, Grabski filed a general unsecured proof of claim in SVC's case in the amount of $429,134.00, assigned Claim No. 7. On March 15, 2018, Grabski amended Claim No. 7. As amended, Claim No. 7 is asserted in the amount of $2,019,500.00.

H.     On March 1, 2017, Matulich filed a general unsecured proof of claim in SVC's case in the amount of $305,000.00, assigned Claim No. 8. On March 16, 2018, Matulich amended Claim No. 8. As amended, Claim No. 8 is asserted in the amount of $1,012,000.00.

I.     On March 1, 2017, Scott filed a general unsecured proof of claim in SVC's case in the amount of $55,000.00, assigned Claim No. 9. On March 19, 2018, Scott amended Claim No. 9. As amended, Claim No. 9 is asserted in the amount of $485,000.00.

1

J.      On April 10, 2017, Winery Rehabilitation, LLC ("WR") filed Claim Nos. 11 and 12 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $9,940,098.42.

K.      On April 10, 2017, Finn filed Claim Nos. 13 and 14 in SVC's case against SVP and SVC, respectively, asserting secured claims in the amount of $4,656,692.36.

L.      On July 14, 2017, the Debtors, as debtors-in-possession, filed an adversary proceeding against Stephen A. Finn ("Finn") and de Vere, asserting claims for money damages and objection to the claims of Finn and de Vere, A.P. No. 17-01023 ("Adversary Proceeding").

M.      On August 29, 2017, the Trustee was appointed as chapter 11 trustee of the Estates, and succeeded to the Debtors as plaintiff in the Adversary Proceeding and cross-complainant in the Napa County Action.

N.      On October 6, 2017, Kelleen Sullivan and Ross Sullivan, who are not parties to this Agreement, filed a complaint against Finn and Trust Company of America, Inc. in the United States District Court for the Northern District California, San Francisco Division ("District Court"), asserting claims for, inter alia, breach of fiduciary duty and unfair business practices, Case No. 3:17-cv-05799-WHO ("District Court Action").

O.      On December 11, 2017, as authorized by the *Order Authorizing Trustee to (1) Sell Real and Personal Property Assets of Debtors Free and Clear of Liens and Encumbrances Pursuant to 11 U.S.C. § 363(b) and (f), and (2) Assume and Assign Executory Contracts Pursuant to 11 U.S.C. § 365* [Docket No. 249], the Trustee paid distributions to Finn and WR on account of their secured claims, in the aggregate amount of $17,798,383.20, from the proceeds of the sale of substantially all assets of the Debtors.

P.      On March 6, 2018, Finn amended Claim Nos. 13 and 14 to assert further secured claims for attorneys' fees in the amount of $200,000.00. On September 11, 2018, Finn amended Claim Nos. 13 and 14 a second time to assert secured claims for attorneys' fees in the amount of $516,097.44 and to assert general unsecured claims for indemnification in an unliquidated amount.

Q.      On September 11, 2018, WR amended Claim Nos. 11 and 12 to assert further secured claims for attorneys' fees in the amount of $247,970.82.

R.      In November of 2018, the Adversary Proceeding was transferred to the District Court for consideration with the District Court Action. The Adversary Proceeding is currently pending as Case No. 3:18-cv-07088-WHO.

S.      Finn, WR and the Former Employees (collectively, the "Settling Creditors") and the Trustee have engaged in settlement discussions concerning the matters set forth above.

T.      Finn has agreed to provide confidential consideration to the Former Employees to resolve the Former Employees' claims.

U.      The Former Employees are participating in this Agreement due to the economic benefit it provides in alleviating the need for further litigation.

2

**NOW THEREFORE**, in consideration of the foregoing, and intending to be bound as set forth herein, the Settling Creditors and the Trustee agree as follows:

## AGREEMENT

1.  <u>Withdrawal of Former Employee Claims</u>.  Claim Nos. 5, 6, 7, 8, 9 and 17 (collectively, the "Former Employee Claims") filed by the Former Employees shall be withdrawn with prejudice.  The Bankruptcy Court's order approving this settlement requires withdrawal of the Former Employee Claims with prejudice.

2.  <u>Subordination of Finn Party Claims</u>.  Claim Nos. 11, 12, 13 and 14 (collectively, the "Finn Party Claims") filed by WR and Finn shall be subordinated to all trade debt reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such trade debt claims are allowed; provided, however, that the Finn Party Claims shall not be subordinated to the SVP Intercompany Claim or any part thereof.  For the avoidance of doubt, the amount of trade debt claims to which the Finn Party Claims shall be subordinated is anticipated to be approximately $250,000 in the aggregate.  The Bankruptcy Court's order approving this settlement provides for subordination of the Finn Party Claims as set forth herein.  Neither the Finn Party Claims nor the SVP Intercompany Claim are being liquidated or otherwise resolved by this Agreement. Except as set forth in this Agreement, the Parties reserve all rights as to the Finn Party Claims and the SVP Intercompany Claim.

3.  <u>Dismissal of Napa County Action</u>.  The Former Employees shall cause the claims against SVC in the Napa County Action to be dismissed with prejudice.  The Trustee shall cause the Napa County Cross-Complaint to be dismissed with prejudice.  The Former Employees' claims against Kelleen Sullivan shall be dismissed without prejudice.

4.  <u>Dismissal of Adversary Proceeding</u>.  The Trustee shall cause the Adversary Proceeding to be dismissed with prejudice.

5.  <u>Waiver of Right to Amend Proofs of Claims to Include Any Consideration Finn Provides to Former Employees</u>.  Finn and WR (together, the "Finn Parties") waive and release any rights to, and shall not, amend any of the Finn Party Claims to seek to recover any consideration provided to resolve the Former Employee Claims.

6.  <u>Costs and Expenses of Settlement</u>.  The Settling Creditors and the Trustee shall bear all their own costs, expenses and attorneys' fees incurred in connection with the Napa County Action, Adversary Proceeding, District Court Action and the Bankruptcy Cases, and the negotiation, preparation and application for Bankruptcy Court approval of this Agreement.

7.  <u>Approval by Bankruptcy Court</u>. The Trustee shall cause his attorneys to obtain all necessary orders of the Bankruptcy Court to approve this Agreement. If the Agreement is not approved by the Bankruptcy Court, it shall be of no force or effect.

8.  <u>Release of Claims</u>.

    (a)     Except as expressly set forth herein, the Former Employees, for themselves and on behalf of any and all parties claiming by or through them, hereby forever release and discharge the Trustee, his agents, attorneys, successors, representatives and the Estates (together,

3

the "Trustee Released Parties") from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, or claims (hereinafter collectively "Claims") of any nature whatsoever, whether arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured, and which have existed at any time up until the date of this Agreement. For the avoidance of doubt, the Trustee Released Parties do not include Kelleen Sullivan or Ross Sullivan.

(b)     Except as expressly set forth herein, the Trustee, on behalf of SVC and SVP and on behalf of himself, his agents, attorneys, successors, representatives, and any and all parties claiming by or through him or the Estates, including all officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, hereby forever releases and discharges the Settling Creditors, their agents, attorneys, successors, representatives, officers, directors, shareholders, independent contractors, employees, subsidiaries, affiliates, partners, joint venturers, co-venturers, insurers, investors, licensees, and all persons acting by, through, under, or in concert with them, from any and all causes of action, actions, liabilities, demands, obligations, costs, expenses, accounts, promises, indemnifications, losses or claims of any nature whatsoever, whether at law or in equity, arising before or after the commencement of the Bankruptcy Cases, including, without limitation, any Claims that arise under the United States Bankruptcy Code, and all Claims in the Napa County Cross Complaint, whether such Claims are known, unknown, suspected, unsuspected, fixed, contingent, liquidated, unliquidated, matured, unmatured, disputed, undisputed, legal, equitable, due or become due, secured, or unsecured, and which they now have or hold or which have existed at any time up until the date of this Agreement, and expressly including any Claims asserted in the Adversary Proceeding now pending in the District Court (Case No. 3:18-cv-07088-WHO), and any and all Claims which could have been brought by the Estates or Trustee, on a direct or derivative basis, in any court or through the pursuit of any administrative agency or governing body. For avoidance of doubt, the Trustee is providing the Settling Creditors with the broadest possible release he may provide on behalf of the Estates, and is releasing any and all Claims held by the Estates including any claims that could have been brought by the Estates including all derivative claims. See Stein vs. United Artists 691F.2nd 885 (9th Circuit 1982). The Trustee is not releasing any Claims held directly and exclusively by Ross Sullivan or Kelleen Sullivan as individuals, but the Trustee is releasing Claims of the Estate that could discharge derivative or indirect claims by Ross Sullivan or Kelleen Sullivan, including (without limitation) Claims by or through the Debtor, its Estates, or either of their agents. With respect to the matters released herein, the Former Employees and the Trustee acknowledge that they have each been advised to consult with legal counsel and are familiar with the provisions of California Civil Code Section 1542 and expressly waive any and all rights they each may have under § 1542, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

This Agreement together with the releases herein contained, shall be binding upon and inure to the benefit of the heirs, executors, administrators, personal representatives, successors-in-

4

interest, partners, directors, officers, insurers, employees, predecessors and assignees of the respective parties.

9.   Compromise of Disputed Claim.   The Settling Creditors and the Trustee acknowledge that the execution of this Agreement and consummation of the transactions contemplated hereby do not constitute an admission of liability or of any facts by any of the parties hereto.

10.   Representations and Warranties.   The parties each further expressly warrant and represent to one another as follows:

(a)   They have read this Agreement and consulted with their respective attorneys concerning its contents and legal consequences;

(b)   They have investigated the facts to the extent that they have deemed necessary in their sole discretion and have assumed any risk of mistake of fact and any facts proven to be other than or different from the facts now known to any of the parties and therefore intend this Agreement to be binding without regard to any mistake of fact or law relating to the subject matter of this Agreement;

(c)   They have taken all actions and obtained all authorizations, consents and approvals as are conditions precedent to their authority to execute this Agreement and thus warrant that they are fully authorized to bind the party for which they execute this Agreement; and

(d)   There has been and will be no assignment or other transfer of any claim released, or any part thereof.

The foregoing warranties and representations shall survive the execution and delivery of this Agreement.

11.   Integration.   This Agreement contains the entire agreement between the Settling Creditors and the Trustee regarding its subject matter.   This Agreement cannot be modified or amended, except in writing executed by the party to be charged.   Except as expressly set forth herein, there have been no representations or promises made by any party and relied upon by the other in entering into this Agreement.

12.   Execution of Documents.

(a)   The parties agree to act in good faith and to cooperate fully with and amongst one other in carrying out the provisions of this Agreement, and for that purpose the parties hereto each agree to execute any further documents which may be necessary to effectuate the transactions contemplated by this Agreement.

(b)   This Agreement may be executed in several counterparts and, as executed, shall constitute one agreement, binding on all parties who have executed a counterpart, notwithstanding that all parties are not signatories to the original or to the same counterparts.   All parties signing this Agreement acknowledge and represent they have complete authority to execute this Agreement.

5

(c)     This Agreement may be executed by telecopy or electronically submitted signatures.  This Agreement shall be binding on all parties notwithstanding that all parties' telecopied or electronically submitted signature pages are not to the same counterparts.

13.     Non-disparagement.  The Trustee, Debtors and Settling Creditors each agree that they will not make any disparaging or negative statements, whether written or oral, or engage in any negative communication about one another, including, but not limited to any communications about work, professional conduct or business.  Trustee and Debtors further agree they will not disparage Former Employees' job performance or otherwise take any action which could reasonably be expected to adversely affect Former Employees', and each of their, personal or professional reputation.

14.     Construction/Severability.  In the event of a suit or other legal proceeding arising out of this Agreement, any such action shall be brought in the Bankruptcy Court and the parties hereto shall submit to the jurisdiction of the Bankruptcy Court.  If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision in this Agreement.  Each party acknowledges that he/she/it has participated in the drafting of this Agreement and reviewed the terms of the Agreement and as such, no rule of construction shall apply in any interpretation of this Agreement which might result in this Agreement being construed in favor of or against any party, including without limitation, any rule of construction to the effect that ambiguities ought to be resolved against the drafting party.

15.     Miscellaneous.

(a)     Notwithstanding any provision contained in this Agreement to the contrary, in the event of a dispute relative to any provision in this Agreement, the prevailing party shall recover his/her/its reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement, in addition to any damages caused by such dispute.

(b)     Each party hereto warrants that he/she/it has made no assignment, and will hereafter make no assignment, of any claim, chose in action, right of action or any other right of any kind which is the subject of this Agreement or which is released pursuant to this Agreement, and that no other person or entity has or had any interest of any kind in the Claims referred to above.

(c)     As used in this Agreement, captions and paragraph headings are provided solely for convenience and shall not be deemed to restrict or limit the meaning of the text.  The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for or against any of the parties

16.     Governing Law.  This Agreement shall be governed by the laws of the State of California, without regard for choice-of-law provisions, and shall be utilized in construing or interpreting this Agreement and in enforcing the rights and remedies of the parties.

17.     Notice.  Any notice required or permitted to be given pursuant to this Agreement shall be deemed effective upon personal delivery or within five days after deposit with the United

6

States Postal Service by certified mail, postage pre-paid, return receipt requested and addressed as follows, and to such other addresses as either party may designate in writing:

<div style="margin-left:2em">

If to the Former Employees:  Jonathan M. Cohen
Joseph & Cohen
Professional Corporation
1855 Market Street
San Francisco, CA 94103

If to the Finn Parties:  Philip S. Warden
Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998

If to the Trustee:  Aron M. Oliner
Duane Morris LLP
One Market Plaza, Spear Tower, Suite 2200
San Francisco, CA 94105-1127

</div>

18. <u>Terms Read and Understood</u>. The undersigned hereby certify that they have read all of the foregoing Agreement, have conferred with counsel of their choosing pertaining to the same, fully understand all of the terms hereof, and have authority to enter into the foregoing Agreement. The parties acknowledge and represent that they enter into this Agreement and all of the contemplated documents of their own free will and not due to any representation, commitment, promise, pressure or duress from any other party.

Dated:_____, 2019    _____
ANGELICA DE VERE

Dated:_____, 2019    _____
TERESA SULLIVAN

Dated:_____, 2019    _____
SONYIA GRABSKI

Dated:_____, 2019    _____
ELIZABETH MATULICH

Dated:_____, 2019    _____
TRINITY SCOTT

7

Dated:_____, 2019     _____
                                                        STEPHEN A. FINN


                                           WINERY REHABILITATION, LLC

Dated:_____, 2019     By:_____

                                           Printed Name:_____

                                           Title:_____



Dated:_____, 2019     _____
                                                        TIMOTHY W. HOFFMAN
                                               Chapter 11 Trustee of the Bankruptcy Estates of
                                                        SVC and SVP

8

**APPROVED AS TO FORM:**

JOSEPH & COHEN, P.C.

Dated:_____, 2019     By:_____
                                             JONATHAN M. COHEN
                                       Attorneys for Angelica de Vere, Teresa Sullivan,
                                          Sonyia Grabski, Elizabeth Matulich and
                                                    Trinity Scott

PILLSBURY WINTHROP SHAW PITTMAN LLP

Dated:_____, 2019     By:_____
                                             PHILIP S. WARDEN
                                       Attorneys for Stephen A. Finn,
                                  Winery Rehabilitation, LLC and Angelica de Vere
                                          in the Adversary Proceeding

DUANE MORRIS LLP

Dated:_____, 2019     By:_____
                                             ARON M. OLINER
                                       Attorneys for Timothy W. Hoffman,
                                            Chapter 11 Trustee

9

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SANTA ROSA DIVISION

| | |
|---|---|
| In re | Case No. 17-10065 RLE |
| SVC, | (Jointly Administered) |
| Debtor. | Chapter 11 |
| | **NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS CREDITORS AND LITIGANTS; OPPORTUNITY FOR HEARING** |
| | [NO HEARING SCHEDULED] |
| In re | |
| SVP, | |
| Debtor. | |

**TO THE DEBTORS, ALL CREDITORS, PARTIES IN INTEREST, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

   **PLEASE TAKE NOTICE** that Timothy W. Hoffman ("Trustee"), the duly appointed, qualified and acting chapter 11 trustee of the bankruptcy estates ("Estates") of SVC and SVP (together, "Debtors"), intends to apply for an order authorizing the Trustee to compromise the Estates' controversies with Angelica de Vere, Theresa Sullivan, Sonyia Grabski, Elizabeth Matulich, Trinity Scott, Stephen A. Finn and Winery Rehabilitation, LLC (collectively, the "Settling Creditors"). This notice summarizes the disputes, the terms of the proposed compromise, and the procedure for objection, if any.

   On February 1 and 2, 2017, SVC and SVP, respectively, filed voluntary petitions for relief in the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division ("Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code, Case Nos. 17-10065 RLE and 17-10067 RLE ("Bankruptcy Cases"). The Debtors, which operated a winery in Rutherford, California, administered the Estates as debtors in possession until the Trustee was appointed on August 29, 2017.

   In early 2018, the Trustee, with Bankruptcy Court's approval, sold the winery to Vite USA, Inc. for a confidential sale price. After payment of secured claims and other costs associated with the sale, the Trustee is holding net proceeds for the benefit of the Estates.

Case: 17-10065   Doc# 408   Filed: 01/31/19   Entered: 01/31/19 13:41:52   Page 1 of 5
of 36

Five former employees of SVC have filed proofs of claim totaling $9,055,560: Angelica de Vere ($3,822,060), Theresa Sullivan ($1,717,000), Sonyia Grabski ($2,019,500), Elizabeth Matulich ($1,012,000), and Trinity Scott ($485,000) (collectively, the "Former Employees" or "Former Employee Claims" as applicable). The Former Employee Claims are tied to the claims these individuals are asserting in the Napa County Action (as defined and discussed below).

In addition, Stephen A. Finn and his company Winery Rehabilitation LLC (together, the "Finn Parties") assert claims against the Estates for indemnification of attorneys' fees and expenses (in the amounts of $516,097.44 and $247,970.82, respectively) and other unliquidated amounts that have been or may be incurred in both the District Court Action (as defined below) and the Bankruptcy Cases (together, the "Finn Claims"). The Finn Claims are predicated upon the terms of (i) certain prepetition loan documents entered into with the Debtors, (ii) the terms of SVC's bylaws, (iii) an indemnification agreement entered into between Finn and SVC, (iv) applicable California state law, and (v) *Siegel v. Federal Home Loan Mortgage Corp.*, 143 F.3d 525 (9th Cir. 1998).

In addition to the Former Employee Claims and the Finn Claims, there are three pending lawsuits involving most of the Settling Creditors. The first is an adversary proceeding the Debtors filed against Finn and Angelica de Vere ("de Vere") prior to the Trustee's appointment, entitled SVC v. Finn, A.P. No. 17-01023 (the "Adversary Proceeding"). The Adversary Proceeding has been reassigned to the U.S. District Court for the Northern District of California for consideration together with the second pending lawsuit, Sullivan v. Finn, Case No. 3:17-cv-05799-WHO ("District Court Action"). The District Court Action was commenced against Finn and another of his companies, Trust Company of America, Inc., by Kelleen and Ross Sullivan (together, the "Sullivans"), two members of the Sullivan Family that formerly owned the winery. Broadly speaking, the Estates in the Adversary Proceeding and the Sullivans in the District Court Action assert claims against the respective defendants for alleged breaches of their fiduciary duties while Finn was a partner of SVP and a controlling shareholder of SVC, and de Vere was an officer of SVC.

The Former Employees filed the third pending lawsuit against the Sullivans and SVC prepetition, in Napa County Superior Court, Case No. 26-67976 ("Napa County Action"), asserting a variety of claims, including labor code violations, wrongful termination, and breach of contract. The Estates filed a cross-complaint against de Vere in the Napa County Action which mirrors the allegations made in the Adversary Proceeding. With Bankruptcy Court approval, the Trustee has hired state court counsel to defend SVC, and prosecute counter-claims in the Napa County Action. In addition, insurance defense counsel is representing the Estates.

Over a period of several months, with the assistance of the Bankruptcy Court and a bankruptcy judge who volunteered his time to serve as mediator, and, separately, through mediation at JAMS, the Trustee worked very hard to try to bring all parties to the table and reach a global resolution of all claims, including any non-derivative claims the Sullivans assert against Finn. During that time, the Trustee kept the Court and parties apprised of his efforts to broker a global settlement. Unfortunately, a global settlement is not possible at this time. Thus, the Trustee has negotiated a compromise involving all principal parties in the Bankruptcy Cases save for the Sullivans.

The terms of the compromise are described below. However, for sake of clarity and avoidance of doubt, <u>the proposed compromise does not resolve claims between the Finn Parties and the Sullivans</u>. The terms of the compromise are as follows:

Upon entry of a final order approving this compromise, the Former Employee Claims will be withdrawn with prejudice. The Napa County Action (including the Estates' Cross-Complaint against de Vere) will be dismissed with prejudice. All of the Parties to the Napa County Action will execute a release of any and all claims against each other, including a waiver of § 1542 of the California Civil Code, and will bear their own attorneys' fees and costs.

Moreover, the Finn Claims will be subordinated to all trade debt claims reflected in the Debtors' schedules and proofs of claim currently on file in the Bankruptcy Cases, to the extent such claims are allowed. Finn will undertake full responsibility to completely resolve the Former Employee Claims without increasing the Finn Claims, *i.e.*, Finn will not seek indemnification from the Estates for sums paid to resolve the Former Employee Claims, or expenses incurred in resolving these claims. However, the Finn Claims are not being liquidated or otherwise resolved and settled as part of this compromise.

The Trustee, on behalf of the Estates, will dismiss all of the Estates' claims against the Finn Parties and de Vere in the District Court Action with prejudice. The Estates will execute a release of any and all claims against the Finn Parties, including a waiver of § 1542 of the California Civil Code. However, the Sullivans' claims against Finn and Trust Company of American, Inc. in the District Court Action will not be dismissed and are not being released as part of this compromise.

The Trustee believes this compromise is in the best interest of creditors and the Estates. In making this determination, the Trustee took into account (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors (collectively, the "A&C Factors"). <u>In re A&C Properties</u>, 784 F.2d 1377, 1381 (9th Cir. 1986).

<u>Probability of Success</u>. This factor supports the proposed compromise. As an initial matter, the Trustee believes the Estates are solvent. In other words, funds in the Estates should be sufficient to pay all claims in full. The Settling Creditors' claims and defenses, and those held by the Estates, if litigated to conclusion are hard to quantify and predict. There is great uncertainty as to the ultimate outcomes. The Court is well familiar with the docket, but among other things, the Former Employee Claims have been amended from time-to-time, their former counsel has been disqualified by Order of the Court, and the same claims asserted in the Bankruptcy Cases are heading to trial in the Napa County Action. Meanwhile, in the Adversary Proceeding and District Court Action, the Estates will be forced to continue incurring expenses prosecuting their claims against Finn and de Vere. If Finn were ultimately to prevail in the District Court Action and obtain a defense verdict, he would assert his alleged entitlement to indemnification for his accruing attorneys' fees and costs, which would inflate his claim substantially higher than it is now. In short, there are unforeseeable twists and turns in these disputes, and the Trustee cannot realistically advise the Court that the Estates' success is probable, much less predictable.

DUANE MORRIS LLP
SAN FRANCISCO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Difficulties in Collection. The difficulty in ultimately collecting against Finn is uncertain in one respect. While the Trustee believes that Finn can respond, in funds, to any judgment, the Trustee is absolutely certain that Finn will exhaust any and all available appeals, motions for reconsideration and the like in the event the District Court rules against Finn. This will drive up fees substantially. The Estates' ability to collect on a potential judgment against de Vere is unknown. With respect to the Former Employee claims, this factor is neutral because the Estates are not asserting claims against the Former Employees. Rather, if this compromise is approved, there will be over $9 million in unsecured claims withdrawn from the Estates.

Complexity, Delay and Expense of Litigation. This factor strongly supports the proposed compromise. At present, absent a compromise, the Napa County Action will continue to proceed to trial, judgment, and any appeals that follow. The District Court Action will proceed on a similar track. Given the history between the Settling Creditors and the Sullivans, the Trustee believes it will take many years to fully and finally resolve these disputes, all at great cost and significant delay to the Estates. Moreover, in the Napa County Action, coverage counsel may discontinue its defense on behalf of the Estates.

Paramount Interest of Creditors. This factor also strongly supports the proposed compromise. When approved by this Bankruptcy Court, the compromise will result in the withdrawal of over $9 million of unsecured claims in the Bankruptcy Cases. It will also resolve the Napa County Action and Adversary Proceeding in full, while resolving all the Estates' claims in the District Court Action. With these disputes fully and finally resolved, the Trustee will be in a position to either proceed with a structured dismissal, or, more likely, a simple Chapter 11 plan. In either instance, this compromise will benefit creditors in that the intractable disputes between the Estates and the Settling Creditors will be resolved, clearing the way for an orderly conclusion to these cases.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to apply to the above-entitled Court for an order approving this compromise. Bankruptcy Local Rule 9014 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that you have an objection to the compromise as proposed. To that end:

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002                                    4

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY**
**WITH VARIOUS CREDITORS AND LITIGANTS / CASE NO. 17-10065 RLE**

Case: 17-10065    Doc# 408    Filed: 01/31/19    Entered: 01/31/19 13:21:32    Page 22 of 36

1    Any objections or requests for hearing should be filed with the United States Bankruptcy
2  Court, 99 South "E" Street, Santa Rosa, California 95404.  A copy of the objection should be
   served on the Office of the United States Trustee and counsel for the Trustee at the address shown
3  below.  The Office of the United States Trustee is located at 450 Golden Gate Avenue, 5th Floor,
   Suite #05-0153, San Francisco, California 94102.  For further information regarding the foregoing,
4  please contact counsel for the Trustee at the address shown below.

5
   Dated:  January 31, 2019                    **DUANE MORRIS LLP**
6

7                                              By: /s/ Aron M. Oliner (152373)
                                                   ARON M. OLINER
8                                                  **DUANE MORRIS LLP**
                                                   One Market Plaza
9                                                  Spear Street Tower, Suite 2200
                                                   San Francisco, California 94105-1127
10                                                 Telephone:  (415) 957-3000
                                                   Facsimile:  (415) 957-3001
11                                                 Email:  roliner@duanemorris.com
                                                   Attorneys for Chapter 11 Trustee
12                                                 TIMOTHY W. HOFFMAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5594535.5 R1034/00002                    5

**NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY
WITH VARIOUS CREDITORS AND LITIGANTS - CASE NO. 17-10065 RLE**

Case: 17-10065    Doc# 405    Filed: 01/31/19    Entered: 01/31/19 13:21:52    Page 23 of 36

1   Aron M. Oliner (SBN: 152373)
2   Geoffrey A. Heaton (SBN: 206990)
    **DUANE MORRIS LLP**
3   One Market Plaza
    Spear Street Tower, Suite 2200
4   San Francisco, CA 94105-1127
    Telephone: (415) 957-3000
5   Facsimile: (415) 957-3001
    Email: roliner@duanemorris.com
6
7   Counsel for Chapter 11 Trustee
    TIMOTHY W. HOFFMAN

8

9               **UNITED STATES BANKRUPTCY COURT**

10              **NORTHERN DISTRICT OF CALIFORNIA**

11              **SANTA ROSA DIVISION**

12

| 13 | In re | Case No. 17-10065 RLE |
| 14 | SVC, | (Jointly Administered) |
| 15 | Debtor. | Chapter 11 |
| 16 | | **CERTIFICATE OF SERVICE** |
| 17 | | |
| 18 | In re | |
| 19 | SVP, | |
| 20 | Debtor. | |
| 21 | | |

22          I am a citizen of the United States, over the age of 18 years, and not a party to or
23  interested in the within entitled cause. I am an employee of Duane Morris LLP and my business
    address is One Market Plaza, Spear Street Tower, Suite 2200, San Francisco, California 94105-
24  1127. I am readily familiar with the business practice for collection and processing of
    correspondence for mailing and for transmitting documents by U.S. Mail, FedEx, fax, email,
25  courier and other modes. On January 31 2019, I served the following document:

26  • **NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY
       WITH VARIOUS CREDITORS AND LITIGANTS; OPPORTUNITY FOR
27     HEARING**

28
    DM3\5601645.1 R1034/00002                        1

DUANE MORRIS LLP
SAN FRANCISCO

**COS / NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS
CREDITORS AND LITIGANTS; CASE NO. 17-10065-RLE**

1   **X**     BY MAIL: by placing (☐ the original) (☒ a true copy) thereof enclosed in a sealed
2          envelope, addressed as set forth below, and placing the envelope for collection and mailing
3          following my firm's ordinary business practices, which are that on the same day
         correspondence is placed for collection and mailing, it is deposited in the ordinary course
4          of business with the United States Postal Service in San Francisco, California, with
         postage fully prepaid.

5                         **COURT MAILING MATRIX – ATTACHED**

6

7   **X**     BY OVERNIGHT DELIVERY: by placing (☐ the original) (☒ a true copy) thereof
8          enclosed in a sealed FedEx envelope addressed as set forth below, and placing the
         envelope for collection and transmittal by FedEx following my firm's ordinary business
9          practices, which are that on the same day correspondence is placed for collection, it is
         deposited in the ordinary course of business with FedEx for overnight next business day
10          delivery.

11 *(Chambers Copy)*
     The Honorable Roger L. Efremsky
12 Attn: Courtroom Deputy
     United States Bankruptcy Court
13 Northern District of California
     Oakland Division
14 1300 Clay Street #300
     Oakland, CA 94612

15        I declare under penalty of perjury under the laws of the United States of American that the
16 foregoing is true and correct and that this declaration was executed on January 31, 2019, in San
     Francisco, California.

17

18                               /s/ Deanna Micros (xxx-xx-5693)
                                     DEANNA MICROS

DUANE MORRIS LLP
SAN FRANCISCO

DM3\5601645.1 R1034/00002

2

**COS /NOTICE OF TRUSTEE'S INTENTION TO COMPROMISE CONTROVERSY WITH VARIOUS
CREDITORS AND DEFENDANTS, CASE NO. 17-10065-RLE**

Label Matrix for local noticing
0971-1
Case 17-10065
Northern District of California
Santa Rosa
Thu Jan 31 12:12:11 PST 2019

ADP Retirement Services
3700 Business Drive
Sacramento, CA 95820-2140

AFIS Benefits & Insurance Services
5858 Horton Street
Suite 350
Emeryville, CA 94608-2025

AT and T Mobility
PO Box 6463
Carol Stream, IL 60197-6463

AT&T Mobility II LLC
%AT&T SERVICES INC.
KAREN A. CAVAGNARO  LEAD PARALEGAL
ONE AT&T WAY, SUITE 3A104
BEDMINSTER, NJ. 07921-2693

Alhambra & Sierra Springs
PO Box 660579
Dallas, TX 75266-0579

Andrea Cow
7 Scott Place
Greenbrae, CA 94904-3026

Andrea Crow
c/o Matthew J. Shier
shierkatz RLLP
930 Montgomery Street, Suite 600
San Francisco, CA 94133-4601

Angelica De Vere
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Angelica de Vere
c/o Valerie Bantner Peo, Esq.
Buchalter, a Professional Corporation
55 Second Street, 17th Floor
San Francisco, CA 94105-3493

Anthem Blue Cross
PO Box 54630
Los Angeles, CA 90054-0630

Anthem Blue Cross
PO Box 9051
Oxnard, CA 93031-9051

Autumn Cruzan
PO Box 2702
Yountville, CA 94599-2702

Beyers Costin Simon, PC
200 Fourth Street, Suite 400
Santa Rosa, CA 95401-8535

Biagi Brothers, Inc.
787 Airpark Road
Napa, CA 94558-7515

Bill Tucker Studios
23 E. 4th Street
Hinsdale, IL 60521-4402

Bittner & Company, LLC
PO Box 168
American Canyon, CA 94503

Bittner and Co., LLC
115 Dahlia Street
Saint Helena, CA 94574-2116

Bob & Duffs Pest Control
1370 Trancas Street
Suite 139
Napa, CA 94558-2912

Bodega Shipping Co.
659 Main Street
Saint Helena, CA 94574-2004

CA Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

CA Franchise Tax Board
Bankruptcy Group
P.O. Box 2952
Sacramento, CA 95812-2952

Caireen Sullivan
1983 Ocean Avenue
Santa Cruz, CA 95060

California Dept of Food and Ag.
1220 N Street
Sacramento, CA 95814-5603

Castellucci Napa Valley
PO Box 106
Rutherford, CA 94573-0106

CoPower
Dept 34604
P.O. Box 39000
San Francisco, CA 94139-0001

Jonathan M. Cohen
Joseph and Cohen, P.C.
1855 Market Street
San Francisco, CA 94103-1112

Jay D. Crom
Bachecki, Crom & Company, LLP
400 Oyster Point Blvd. Suite 106
South San Francisco, CA 94080-1917

Andrea Crow
c/o Matthew J. Shier
shierkatz RLLP
930 Montgomery Street, 6th Floor
San Francisco, CA 94133-4604

Crystal of America
PO Box 27523
New York, NY 10087-2752

Angelica De Vere
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Cecily A. Dumas
Pillsbury Winthrop Shaw Pittman LLP
4 Embarcadero Center, 22 Fl
San Francisco, CA 94111-4128

ETS Laboratories
899 Adams Street
Suite A
Saint Helena, CA 94574-1160

Elizabeth Matulich
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Elizabeth Matulich
c/o Valerie Bantner Peo
Buchalter, A Professional Corporation
55 2nd St., 17th Fl.
San Francisco, CA 94105-3493

Employment Development Dept.
PO Box 826880
Sacramento, CA 94280-0001

Enartis Vinquiry
7795 Bell Road
Windsor, CA 95492-8519

FIRST INSURANCE FUNDING CORP.
P.O.BOX 7000
Carol Stream, IL 60197-7000

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023-0028

Jacob M. Faircloth
Law Office of Steven M. Olson
100 E St. #104
Santa Rosa, CA 95404-4605

Michael C. Fallon
Law Offices of Michael C. Fallon
100 E St. #219
Santa Rosa, CA 95404-4606

Reno F.R. Fernandez
Macdonald Fernandez LLP
221 Sansome St. 3rd Fl.
San Francisco, CA 94104-2331

John D. Fiero
Pachulski, Stang, Ziehl, and Jones
150 California St. 15th Fl.
San Francisco, CA 94111-4554

Stephen A Finn
Pillsbury Winthrop Shaw Pittman, LLP
Four Embarcadero Ctr, 22nd Fl.
San Francisco, CA 94111-4128

Ford Credit
PO Box 552679
Detroit, MI 48255-2679

Ford Motor Credit Company
c/o Law Offices of Austin P. Nagel
111 Deerwood Road, Ste.305
San Ramon, CA 94583-1530

(p)FORD MOTOR CREDIT COMPANY
P O BOX 62180
COLORADO SPRINGS CO 80962-2180

Paul Garvey
dba Garvey Brothers Vineyard
Management Company
c/o Macdonald Fernandez LLP
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323

Garvey Brothers Vineyard Management Company
Attn: Paul Garvey c/o Macdonald Fernande
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323

Ghirardo CPA
7200 Redwood Blvd.
Suite 403
Novato, CA 94945-3249

Goode Company
655 Park Court
Rohnert Park, CA 94928-7940

Sonyia Grabski
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Hartford Group Benefits
P.O. Box 783690
Philadelphia, PA 19178-3690

Geoffrey A. Heaton
Duane Morris LLP
1 Market, Spear Tower #2200
San Francisco, CA 94105-1127

Timothy W. Hoffman
P.O. Box 1761
Sebastopol, CA 95473-1761

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Kelleen F. Sullivan
P.O. Box 396
Rutherford, CA 94573-0396

Kelleen Sullivan
P.O. Box 396
Rutherford, CA 94573-0396

Lynette C. Kelly
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102-3661

Kokjer, Pierotti, Maiocco & Duck LLP
351 California Street, Suite 300
San Francisco, CA 94104-2422

Chris D. Kuhner
Kornfield Nyberg Bendes Kuhner & Little
1970 Broadway #600
Oakland, CA 94612-2218

Law Office of Steven M. Olson
100 E Street
Suite 104
Santa Rosa, CA 95404-4605

Matheson Tri-Gas, Inc.
Dept. LA 23793
Pasadena, CA 91185-3793

Elizabeth Matulich
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Moschetti Espresso
11 Sixth Street
Vallejo, CA 94590-6913

Austin P. Nagel
Law Offices of Austin P. Nagel
111 Deerwood Rd. #305
San Ramon, CA 94583-1530

Napa Printing Design Studio & Mail Ctr.
630 D Airpark Rd
Napa, CA 94558-7528

Napa Valley Designs
P.O. Box 396
Rutherford, CA 94573-0396

Napa Valley Vintners Assn.
PO Box 141
Saint Helena, CA 94574-0141

Occidental Technical Group LLC
PO Box 665
Saint Helena, CA 94574-0665

Office of the U.S. Trustee / SR
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0153
San Francisco, CA 94102-3661

Aron M. Oliner
Law Offices of Duane Morris
1 Market Spear Tower #2200
San Francisco, CA 94105-3104

Steven M. Olson
Law Offices of Steven M. Olson
100 E St. #104
Santa Rosa, CA 95404-4605

(p)PACIFIC GAS & ELECTRIC COMPANY
PO BOX 8329
STOCKTON CA 95208-0329

PG&E
5507160621-8
Box 997300
Sacramento, CA 95899-7300

PG&E
5548827285-1
Box 997300
Sacramento, CA 95899-7300

Penning Landscapes, Inc.
68 Coombs Street
# D11
Napa, CA 94559-3979

Philomena Gildea
22 Church Street
Weston, MA 02493-2004

Printing Services - Napa Valley
574 Gateway Drive
Napa, CA 94558-7517

Ramondin USA, Inc.
791 Technology Way
Napa, CA 94558-7505

Republic Indemnity
PO Box 7878
San Francisco, CA 94120-7878

Ross Sullivan
1322 El Bonita Avenue
Saint Helena, CA 94574-2121

Rutherford River Ranch
2352 Pine Street
San Francisco, CA 94115-2715

SVC
P.O. Box G
1090 Galleron Road
Rutherford, CA 94573-0907

Trinity Scott
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Scott laboratories
PO Box 398198
San Francisco, CA 94139-8198

Sean Sullivan
P.O. Box 5543
Napa, CA 94581-0543

Matthew J. Shier
shierkatz RLLP
930 Montgomery St. 6th Fl.
San Francisco, CA 94133-4624

Peter Simon
Beyers Costin
200 4th St #400
PO Box 8
Santa Rosa, CA 95402-0008

Sonyia Grabski
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Sonyia Grabski
c/o Valerie Bantner Peo, Esq.
Buchalter, A Professional Corporation
55 Second Street, 17th Floor
San Francisco, CA 94105-3493

St. Helena Self Storage
950 Vintage Avenue
Saint Helena, CA 94574-1406

Stanley Convergent Sec. Sol.
Dept Ch 10651
Palatine, IL 60055-0001

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

State Water Boards
PO Box 1888
Sacramento, CA 95812-1888

Stephen A. Finn
C/O Pillsbury Winthrop Shaw Pittman LLP
Four Embarcadero Ctr. 22nd Fl.
San Francisco, CA 94111-4128

Ross Sullivan
1322 El Bonita Avenue
St. Helena, CA 94574-2121

Teresa Sullivan
c/o Valerie Bantner Peo
55 Second St., 17th Fl.
San Francisco, CA 94105-3493

Sullivan Vineyards Partners
P.O. Box G
1090 Galleron Road
Rutherford, CA 94573-0907

Sullivan Vineyards Partnership
Law Offices Michael C. Fallon
100 E Street
Ste 219
Santa Rosa, CA 95404-4606

Sunshine Foods Partners
1115 Main Street
Saint Helena, CA 94574-2090

Telepacific Communications
PO Box 509013
San Diego, CA 92150-9013

Teresa Sullivan
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Teresa Sullivan
c/o Valerie Bantner Peo, Esq.
Buchalter, A Professional Corporation
55 Second Street, 17th Fl.
San Francisco, CA 94105-3493

Thomas R. Harnett LLC
965 Marina Drive
Napa, CA 94559-4744

Toyota Material Handling
PO Box 398526
San Francisco, CA 94139-8526

Trinity Scott
C/O Philip J. Terry, Esq.
100 B Street, Suite 400
Santa Rosa, CA 95401-6376

Trinity Scott
c/o Valerie Bantner Peo
Buchalter, A Professional Corporation
55 2nd St., 17th Fl.
San Francisco, CA 94105-3493

Trove Professional Services, LLC
2081 Center St.
Berkeley, CA 94704-1204

U.S. Attorney
Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102-3661

UBF Consulting, Inc.
2033 North Main St., Ste. 700
Walnut Creek, CA 94596-3713

Uline
Attn.: Accounts Receivable
P.O. Box 88741
Chicago, IL 60680-1741

Upper Valley Disposal
PO Box 382
Saint Helena, CA 94574-0382

VSP
7400 Gaylord Parkway
Frisco, TX 75034-9463

Valley Internet
4160 Suisun Valley Road E-712
Fairfield, CA 94534-4016

Verizon Wireless
P.O. Box 660108
Dallas, TX 75266-0108

Vicard Generation 7
1370 Trancas St. # 141
Napa, CA 94558-2912

Vin65-WineDirect
1190 Airport Blvd., Ste. 101
Napa, CA 94558-7573

```
Vision Service Plan            Vite USA, Inc.                       Philip S. Warden
P.O. Box 45210                 c/o Chris D. Kuhner                  Pillsbury Winthrop Shaw Pittman LLP
San Francisco, CA 94145-5210   Kornfield Nyberg Bendes Kuhner & Little   4 Embarcadero Center, 22nd Fl.
                               1970 Broadway, Suite 600            San Francisco, CA 94111-4128
                               Oakland, CA 94612-2218


Winery Rehabilitation, LLC     Winery Rehabilitation, LLC          Wineshipping
7103 South Revere Parkway      c/o Pillsburty Winthrop Shaw Pittman LLP   50 Technology Court
Centennial, CO 80112-3936      Four Embarcadero Ctr. 22nd Fl.      Napa, CA 94558-7519
                               San Francisco, CA 94111-4106


iPayment, Inc.
PO Box 3429
Westlake Village, CA 91359-0429
```

      The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Ford Motor Credit Company, LLC   PG&E                             State Board of Equalization
P.O. Box 62180                   PO BOX 8329                      P.O. Box 942879
Colorado Springs, CO 80962       C/O BANKRUPTCY IXB7              Sacramento, CA 94279
                                 STOCKTON, CA 95208
```

      The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)AT&T Mobility               (u)Thomas G. Eddy                   (d)Fair Harbor Capital, LLC
PO Box 6463                                                        Ansonia Finance Station
Carol Stream, IL 60197-6463                                       PO Box 237037
                                                                  New York, NY 10023-0028


(u)Garvey Brothers Vineyard Management Compan   (d)Kelleen Sullivan   (d)UBF Consulting, Inc.
                               P.O. Box 396                        2033 North Main St, Ste. 700
                               Rutherford, CA 94573-0396           Walnut Creek, CA 94596-3713
```

```
End of Label Matrix
Mailable recipients    126
Bypassed recipients      6
Total                  132
```

## File a Notice:

[17-10065 SVC](#)

Type: bk                          Chapter: 11 v                    Office: 1 (Santa Rosa)
Assets: y                         Judge: RLE                       Case Flag: JNTADMN

### U.S. Bankruptcy Court

### Northern District of California

Notice of Electronic Filing

The following transaction was received from Aron M. Oliner entered on 1/31/2019 at 1:11 PM PST and filed on 1/31/2019

**Case Name:**        SVC
**Case Number:**      [17-10065](#)
**Document Number:** [408](#)

**Docket Text:**
Notice Regarding *[Notice of Trustee's Intention to Compromise Controversy with Various Creditors and Litigants; Opportunity for Hearing]* Filed by Trustee Timothy W. Hoffman (Attachments: # (1) Certificate of Service) (Oliner, Aron)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Users\dmicros\Desktop\SVC\Notice of Trustee's Intention to Compromise Controversy with Various Creditors & Litigants.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=1/31/2019] [FileNumber=34970095-0] [ad2d7d04ecf6d17892bf9d55c3847b4ef2eb07823a8852d4368757f55ef23caea8 db9c0ed9df404b030c9c486cbf17e0094c750f544d893be459a8ca84dee375]]
**Document description:**Certificate of Service
**Original filename:**C:\Users\dmicros\Desktop\SVC\COS re Notice of Trustee's Intention to Compromise Controversy with Various Creditors & Litigants.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017961465 [Date=1/31/2019] [FileNumber=34970095-1] [68ad5523ac646af9cde2486c6e9d11e0edc62a9695ce4f4bd9baf5ba90c7cde0b7 bd2fd645f5c7c04ab57d861e4a7a6adfc8ce11a5104b3ec66b92aff0917b2f]]

**17-10065 Notice will be electronically mailed to:**

Jonathan M. Cohen on behalf of Creditor Angelica De Vere
jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Elizabeth Matulich
jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Sonyia Grabski
jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Teresa Sullivan

jcohen@josephandcohen.com, donna@josephandcohen.com

Jonathan M. Cohen on behalf of Creditor Trinity Scott
jcohen@josephandcohen.com, donna@josephandcohen.com

Jay D. Crom
jcrom@bachcrom.com

Cecily A. Dumas on behalf of Creditor Winery Rehabilitation, LLC
cecily.dumas@pillsburylaw.com

Cecily A. Dumas on behalf of Creditor Stephen A Finn
cecily.dumas@pillsburylaw.com

Jacob M. Faircloth on behalf of Debtor SVC
jacob.faircloth@smolsonlaw.com

Michael C. Fallon on behalf of Creditor Sullivan Vineyards Partnership
mcfallon@fallonlaw.net, manders@fallonlaw.net

Michael C. Fallon on behalf of Debtor SVC
mcfallon@fallonlaw.net, manders@fallonlaw.net

Michael C. Fallon on behalf of Debtor SVP
mcfallon@fallonlaw.net, manders@fallonlaw.net

Michael C. Fallon on behalf of Plaintiff SVP
mcfallon@fallonlaw.net, manders@fallonlaw.net

Reno F.R. Fernandez on behalf of Creditor Garvey Brothers Vineyard Management Company
reno@macfern.com, ecf@macfern.com

Reno F.R. Fernandez on behalf of Creditor Paul Garvey
reno@macfern.com, ecf@macfern.com

John D. Fiero on behalf of Interested Party Kelleen Sullivan
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

John D. Fiero on behalf of Interested Party Ross Sullivan
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

John D. Fiero on behalf of Responsible Ind Ross Sullivan
jfiero@pszjlaw.com, ocarpio@pszjlaw.com

Geoffrey A. Heaton on behalf of Trustee Timothy W. Hoffman
gheaton@duanemorris.com, dmicros@duanemorris.com

Timothy W. Hoffman
twh1761@yahoo.com, ca73@ecfcbis.com

Lynette C. Kelly on behalf of U.S. Trustee Office of the U.S. Trustee / SR
lynette.c.kelly@usdoj.gov, ustpregion17.oa.ecf@usdoj.gov

Chris D. Kuhner on behalf of Interested Party Vite USA, Inc.
c.kuhner@kornfieldlaw.com, g.michael@kornfieldlaw.com

Austin P. Nagel on behalf of Creditor Ford Motor Credit Company
melissa@apnagellaw.com

Office of the U.S. Trustee / SR
USTPRegion17.SF.ECF@usdoj.gov

Aron M. Oliner on behalf of Trustee Timothy W. Hoffman
roliner@duanemorris.com, dmicros@duanemorris.com

Steven M. Olson on behalf of Attorney Law Office of Steven M. Olson
smo@smolsonlaw.com

Steven M. Olson on behalf of Debtor SVC
smo@smolsonlaw.com

Steven M. Olson on behalf of Plaintiff SVC
smo@smolsonlaw.com

Steven M. Olson on behalf of Plaintiff SVP
smo@smolsonlaw.com

Matthew J. Shier on behalf of stockholders Andrea Crow
mshier@shierkatz.com, mterry@shierkatz.com

Philip S. Warden on behalf of Creditor Winery Rehabilitation, LLC
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Creditor Angelica De Vere
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Creditor Stephen A Finn
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Defendant Angelica De Vere
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

Philip S. Warden on behalf of Defendant Stephen A Finn
philip.warden@pillsburylaw.com, candy.kleiner@pillsburylaw.com

**17-10065 Notice will not be electronically mailed to:**

Thomas G. Eddy
,

Fair Harbor Capital, LLC
Ansonia Finance Station
PO Box 237037
New York, NY 10023

Kokjer, Pierotti, Maiocco & Duck LLP
351 California Street, Suite 300
San Francisco, CA 94104

Peter Simon
Beyers Costin
200 4th St #400
PO Box 8
Santa Rosa, CA 95402

UBF Consulting, Inc.
2033 North Main St., Ste. 700
Walnut Creek, CA 94596



**FOLD on this line and place in shipping pouch with bar code and delivery address visible**

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

*Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

## Your package has been delivered

Tracking # 785251342396



Ship date:
Thu, 1/31/2019

Delivery date:
Fri, 2/1/2019 8:57 am

Aron Oliner
Duane Morris LLP
San Francisco, CA 94105
US



Delivered

Hon. Roger L. Efremsky
U.S. Bankruptcy Court
1300 CLAY ST STE 300
OAKLAND, CA 94612
US

## Personalized Message

PSSship eMail Notification

## Shipment Facts

Our records indicate that the following package has been delivered.

| | |
|---|---|
| Tracking number: | 785251342396 |
| Status: | Delivered: 02/01/2019 08:57 AM Signed for By: S.STAPLES |
| Reference: | R1034.00002 |
| Signed for by: | S.STAPLES |
| Delivery location: | OAKLAND, CA |
| Delivered to: | Receptionist/Front Desk |
| Service type: | FedEx Priority Overnight® |
| Packaging type: | FedEx® Envelope |
| Number of pieces: | 1 |
| Weight: | 0.50 lb. |
| Special handling/Services: | Deliver Weekday |
| Standard transit: | 2/1/2019 by 10:30 am |

## This tracking update has been requested by:

| | |
|---|---|
| Company name: | Duane Morris LLP |
| Name: | Aron Oliner |
| Email: | roliner@duanemorris.com |

✉ Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 11:01 AM CST on 02/01/2019.

All weights are estimated.

To track the latest status of your shipment, click on the tracking number above.

This tracking update has been sent to you by FedEx on behalf of the Requestor roliner@duanemorris.com. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2019 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. Review our privacy policy. All rights reserved.

Thank you for your business.