Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: gheaton@duanemorris.com

Counsel for Chapter 11 Trustee
TIMOTHY W. HOFFMAN

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>      Debtor. | Case No. 17-10065 RLE<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**TRUSTEE'S CHAPTER 11 STATUS CONFERENCE STATEMENT**<br><br>Date:   May 21, 2019<br>Time:  1:30 p.m.<br>Place:  1300 Clay Street, Room 201<br>          Oakland, CA 94612<br>Judge: The Hon. Roger L. Efremsky |
| In re<br><br>SVP,<br><br>      Debtor. | |

     Timothy W. Hoffman, the duly appointed, qualified and acting Chapter 11 Trustee in these jointly administered cases ("Trustee") respectfully submits this Chapter 11 status conference statement, and represents as follows:

1

**TRUSTEE'S CHAPTER 11 STATUS CONFERENCE STATEMENT – CASE NO. 17-10065 RLE**

Case: 17-10065    Doc# 433    Filed: 05/13/19    Entered: 05/13/19 15:17:57    Page 1 of 3
DM3\5762449.1 R1034/00002

On May 8, 2019, this Court approved the Trustee's comprehensive settlement with various creditors in the case over the objection of Ross and Kelleen Sullivan (the "Sullivans"). On May 10, 2019, the Trustee submitted a form of order approving that compromise. As of this writing, the lodging period has not yet run and it is unknown whether or when the Sullivans may submit their own form of order, consistent with comments made in open court on May 8 by their counsel.

Once consummated, the result of the recently approved settlement and compromise is a much simplified and direct path forward in this case. The Trustee does not believe that conversion to chapter 7 is in the best interest of creditors. Neither is a structured dismissal (even were the Office of the United States Trustee to approve such an approach, which it will not) possible because of the remaining outstanding claims in the case. Thus, the most realistic and sensible path forward is a simple chapter 11 plan.

The Trustee believes that he can file a proposed plan and disclosure statement within the next 30-45 days. This would be a "pot plan" and, at confirmation, would provide for the immediate payment of all trade debt. The remaining funds in these administratively consolidated estates will be allocated to each estate and held in trust pending resolution of the remaining few claims in the case, namely, the claims of Stephen Finn and Winery Rehabilitation.

In light of still pending litigation in the District Court between Mr. Stephen Finn and Winery Rehabilitation, on the one hand, and the Sullivans, on the other hand, it does not appear possible to liquidate the claims held by Mr. Finn and Winery Rehabilitation until that litigation is resolved. The proposed plan will require that all funds be held in trust. The Sullivans will not be able to access the funds to pursue their separate claims against Finn and Winery Rehabilitation. The Trustee believes that the confirmation of a proposed plan will not be difficult to obtain in these circumstances. It is perhaps the best use of the Court's time to schedule a continued

Chapter 11 status conference coincident with the first hearing on the Trustee's proposed plan and disclosure statement.

Respectfully submitted,

Dated: May 13, 2019  **DUANE MORRIS LLP**

By: /s/ Aron M. Oliner (152373)
Aron M. Oliner
Counsel to Chapter 11 Trustee
TIMOTHY W. HOFFMAN

3

**TRUSTEE'S CHAPTER 11 STATUS CONFERENCE STATEMENT – CASE NO. 17-10065 RLE**
Case: 17-10065  Doc# 433  Filed: 05/13/19  Entered: 05/13/19 15:17:57  Page 3 of 3
DM3\5762449.1 R1034/00002