UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>        Debtor. | Case No. 17-10065 RLE<br><br>Chapter 11 |

**NOTICE OF STIPULATION BETWEEN BANKRUPTCY ESTATES RE DIVISION OF SALE PROCEEDS, PAYMENT OF ADMINISTRATIVE EXPENSE, AND LIQUIDATION OF UNSECURED INTER-COMPANY DEBT; OPPORTUNITY FOR HEARING**

TO CREDITORS, THE UNITED STATES TRUSTEE, AND OTHER INTERESTED PARTIES:

**PLEASE TAKE NOTICE THAT** Timothy W. Hoffman ("Mr. Hoffman") chapter 11 trustee of the bankruptcy estate of SVC, and Andrea A. Wirum ("Ms. Wirum" and, together with Mr. Hoffman, the "Trustees"), chapter 11 trustee of the bankruptcy estate of SVP (Case No. 17-10067 RLE), have entered into a stipulation regarding (1) the division of proceeds from the sale of assets owned by the two estates, (2) the payment of a chapter 11 administrative expense owed by SVC to SVP, and (3) liquidation of SVP's general unsecured claim in the SVC estate. For the reasons stated below, the Trustees believe that the agreement or compromise is in the best interests of the SVP estate while being fair to the SVC estate, and that Bankruptcy Court approval of the stipulation is warranted.

## Background

SVP, under its prior name, owned the real property commonly referred to as 1090 Galleron Road, St. Helena, California (the "Property"). The Property is 26.1 acres; wine grapes were planted on approximately 20 acres. The Property was improved with a residence, a business office, and a fully functioning winery that was owned and operated by SVC under a rental agreement with SVP. SVP sold all of its grapes to SVC for wine production.

When SVC and SVP (together, the "Debtors") filed their voluntary chapter 11 petitions in early February 2017, SVP disclosed an account receivable of $2,100,000 from SVC, and SVC scheduled accounts payable to SVP totaling $2,130,720 (the "Intercompany Claim"). The $30,000 discrepancy is believed to be an inconsistent treatment of SVC's rent obligation for February 2017, the month in which both chapter 11 petitions were filed. Of the total sum, $445,721.44 represented the amount SVC owed to SVP for the purchase of grapes in 2016. Based on their due diligence, the Trustees have concluded that the $445,721.44 should have been characterized as a secured claim under California's producer's lien statute, not as an unsecured debt. In January 2018, the Debtors sold substantially all of their assets to a single buyer in a

DUANE MORRIS LLP
SAN FRANCISCO

1
NOTICE OF STIPULATION TO DIVISION OF SALE PROCEEDS
CASE NO. 17-10065 RLE

Case: 17-10065    Doc# 481    Filed: 10/23/19    Entered: 10/23/19 12:56:49    Page 1 of 4
DM3\6133233.4 R1034/00002

Court-approved sale; as part of the express terms of sale, the producer's lien attached to SVC's portion of the net sale proceeds.

A second component of the accounts payable ($1,572,000) was accounted for in connection with the January 2018 asset sale, and does not represent an outstanding debt owed by SVC to SVP. Using the higher $2,130,720 claim amount, the balance of SVP's unsecured claim in favor of SVP against SVC would be approximately $112,988.56.[1] However, a $50,000 discrepancy in the inter-company debt has been identified, and cannot be fully explained. As a result, $50,000 is being deducted from SVP's pre-petition claim. Accordingly, the Trustees' accountants have determined that the enforceable balance of SVP's general unsecured claim is $62,838.56.

In addition to the prepetition inter-company debts described above, SVP holds a chapter 11 administrative expense against SVC as follows: (a) $70,000 in post-petition rent that SVC did not pay for its use of the Property in February 2017, December 2017, and January 1-10, 2018; and (b) $506,600.20 for SVC's purchase of 2017 grapes, less (c) $4,141.92 owed by SVP to SVC. Accordingly, the resulting Chapter 11 administrative expense in favor of SVP is $572,458.28.

Early in the Debtors' cases, the two estates were ordered to be "jointly administered." In August 2017, the Court ordered the appointment of a chapter 11 trustee in both cases. Mr. Hoffman, in turn, was appointed as chapter 11 trustee of each estate. It was known at the time that (1) there was inter-company debt; (2) at some point this debt would have to be resolved; and (3) Mr. Hoffman potentially would find it necessary to resign from one of the cases.

During his time as trustee of both estates, Mr. Hoffman negotiated the (very favorable) January 2018 Court-approved sale of the Debtors' assets. In connection with the sale, Mr. Hoffman and the buyer negotiated the allocation of the purchase price among the assets, but not the allocation of the purchase price between the two estates.

In August 2019, a creditor filed an objection to the Intercompany Claim. Mr. Hoffman, in turn, resigned as trustee of the SVP estate (in accordance with the understanding at the outset of his appointment), and Ms. Wirum was appointed successor trustee of the SVP estate.

After much work by the Trustees and their professionals, the Trustees have agreed that the gross purchase price should be allocated as follows: 61.43% to SVP and 38.57% to SVC. This allocation is based on the relative values of the assets sold in 2018 as set forth in the purchase agreement, the terms of which are confidential. An approximate and reasonable allocation was determined when Mr. Hoffman was the trustee of the jointly administered estates. Ms. Wirum and her professionals have reviewed all of the numbers, and have worked with Mr. Hoffman and his professionals to refine the allocation slightly. The Trustees, together with their professionals, have reviewed the accounting of intercompany transactions, and have made appropriate adjustments to determine the correct allocation of the net sale proceeds. They have agreed that net proceeds will be divided as follows: 57.55% to SVP and 42.45% to SVC.

The Trustees have filed a stipulation ("Stipulation") allocating the net proceeds as described above, and authorizing Mr. Hoffman to (a) release to Ms. Wirum the $445,721.44 secured by SVP's producer's lien against SVC's share of the net proceeds; (b) pay SVP its net Chapter 11 administrative expense in the amount of $572,458.28; and (c) fix SVP's general unsecured claim at $62,838.56. The Trustees now seek Court approval of the Stipulation.

The agreement between the Trustees is based on accounting of the division of the sale proceeds between the estates. As mentioned, the buyer of the assets and Mr. Hoffman (as chapter

---

[1] $2,130,720 - $445,721.44 - $1,572,000 = $112,988.56.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\6133233.4 R1034/00002

Case: 17-10065   Doc# 481   Filed: 10/23/19   Entered: 10/23/19 12:56:49   Page 2 of 4

11 trustee of both estates) previously agreed upon the value of the different categories of assets. In the Trustees' view, this is not a compromise of claims. However, given the history of these cases, the Trustees are presenting this agreement for approval as a compromise of controversy.[2]

### Standards for Approval of a Compromise

Approval or rejection of a compromise is within the Court's discretion. In considering the approval of a proposed compromise, the Court must take into account the following factors:

1. The probability of success in the litigation;
2. The difficulty, if any, to be encountered in collection;
3. The complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it;
4. The paramount interest of creditors and proper deference to their reasonable views.

*In re A&C Properties*, 784 F. 2d 1377, 1381 (9th Cir. 1986).

### Probability of Success

Ms. Wirum believes there is little chance that she would succeed in getting a larger allocation of the sale proceeds if she were to initiate litigation with the SVC estate. If she were to obtain a greater allocation, she does not believe it would be any more than one or two percent of the net sale proceeds. Mr. Hoffman believes that the allocation is appropriate and fair to the SVC estate.

### Difficulty in Collection

All of the funds to be allocated are currently under the control of Mr. Hoffman as SVC's trustee. Difficulty in collection would be virtually nil. This factor does not warrant consideration.

### Complexity, Expense, and Delay

Accounting for the sale proceeds has been relatively straightforward. If one were to review books from as long as ten or twelve years ago, much accounting work would be necessary with significant related expense. If a trial were necessary, there would be significant attorney fees and expense. Any litigation would cause further delay in the administration of the estates and payment to creditors.

### Paramount Interest of Creditors

At this time, Ms. Wirum predicts that the SVP estate is solvent and that creditors with allowed claims will be paid in full with a distribution of surplus to SVP's general partners. Mr. Hoffman believes that his estate may not be solvent, but the contemplated order will resolve the issues described in this Notice efficiently and with minimal additional expense.

---

[2] Ms. Wirum will be seeking approval of the Stipulation in the SVP case.

DUANE MORRIS LLP
SAN FRANCISCO

3

NOTICE OF STIPULATION TO DIVISION OF SALE PROCEEDS
CASE NO. 17-10065 RLE
DM3\6133233.4 R1034/00002

Case: 17-10065   Doc# 481   Filed: 10/23/19   Entered: 10/23/19 12:56:49   Page 3 of 4

**PLEASE TAKE FURTHER NOTICE** that the Trustees intend to apply to the above-entitled Court for an order approving this compromise. Bankruptcy Local Rule 9014 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that you have an objection to the compromise as proposed. To that end:

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default.**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

Any objections or requests for hearing should be filed with the United States Bankruptcy Court, 99 South "E" Street, Santa Rosa, California 95404. A copy of the objection should be served on the Office of the United States Trustee and counsel for the Trustees at the addresses shown below. The Office of the United States Trustee is located at 450 Golden Gate Avenue, 5th Floor, Suite #05-0153, San Francisco, California 94102. For further information regarding the foregoing, please contact counsel for the Trustees at the addresses shown below.

Dated: October 23, 2019   **DUANE MORRIS LLP**

By: /s/ Aron M. Oliner (152373)
Aron M. Oliner
Counsel to Timothy W. Hoffman
Chapter 11 Trustee of the SVC Estate
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1127
Tel. (415) 957-3000
Fax. (415) 957-3001
E-mail: roliner@duanemorris.com