Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Counsel for SVC Chapter 11 Trustee
TIMOTHY W. HOFFMAN

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>SVC,<br><br>    Debtor. | Case No. 17-10065 RLE<br><br>Chapter 11<br><br>**SVC CHAPTER 11 TRUSTEE'S OBJECTION TO DISCLOSURE STATEMENT BY ROSS AND KELLEEN SULLIVAN**<br><br>Date: December 17, 2019<br>Time: 1:30 p.m.<br>Place: 1300 Clay Street, Room 201<br>    Oakland, CA 94612<br>Judge: The Hon. Roger L. Efremsky |

  Timothy W. Hoffman, the duly appointed, qualified and acting Chapter 11 Trustee of SVC's bankruptcy estate ("SVC Trustee") objects to the disclosure statement set forth in the Combined Plan and Disclosure Statement Proposed by Sullivan Family (November 12, 2019) [Docket No. 490] ("Disclosure Statement") filed by Ross Sullivan and Kelleen Sullivan (together, "Sullivans"). For reasons set forth below, the Disclosure Statement does not contain "adequate information" as required by 11 U.S.C. § 1125.

1

1. <u>Access to Attorney/Client Protected Information and Work Product (§§ 8.1, 8.6)</u>. The Disclosure Statement provides that reorganized SVC will succeed to the SVC Trustee's attorney/client privilege, and requires that the SVC Trustee and his Court-approved counsel turn over to reorganized SVC, i.e., the Sullivans, all information and material protected from disclosure by the attorney/client privilege, as well as all information and material that is the work product of the SVC Trustee's counsel. The SVC Trustee objects to turnover of any information or material that is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

The Disclosure Statement must set forth the legal grounds upon which a reorganized SVC and its representatives claim entitlement to this information and material. Among other things, <u>Commodity Futures Trading Com. v. Weintraub</u>, 471 U.S. 343, 358 (1985) holds that "the trustee of a corporation in bankruptcy has the power to waive the <u>corporation's</u> attorney-client privilege with respect to <u>prebankruptcy</u> communications." (emphasis added) However, the SVC Trustee is aware of no authority that stands for the proposition that representatives of a reorganized debtor – who were part of the debtor's prepetition management, no less – can waive the attorney-client privilege held by a duly appointed, qualified and acting chapter 11 trustee with respect to post-petition communications with the trustee's court-approved counsel.

Allowing a reorganized debtor and its prepetition management access to the attorney-client communications of a duly appointed bankruptcy trustee – who, among other things, <u>may have investigated the actions and omissions of the same prepetition management</u> – would severely inhibit the ability of a bankruptcy trustee to have free and open communication with his or her counsel. This, in turn, would severely impede the ability of a bankruptcy trustee to administer estate assets. In short, the precedent would be incredibly harmful to effective administration of bankruptcy estates. The same is true for allowing a reorganized debtor and its insiders to access the work product of a trustee's counsel.

If the Sullivans will not drop their demands for this material, then they should be required to disclose precisely what legal authority supports their position. The Trustee reserves all rights

to raise further argument and objections to production of any communications or materials protected from disclosure by the attorney-client privilege and attorney work product doctrine.

    2.    <u>Treatment of Class 2 – Trade Creditors</u> (§ 7.2). The Disclosure Statement should address the following:

- Whether the "Intercompany Stipulation" described on page 9 of the Disclosure Statement, which the Court has now approved [Doc #493], impacts the dividend to unsecured creditors in Class 2.
- If Class 2 creditors stand to receive less than a 100% dividend, then the Disclosure Statement should provide an estimated dividend.
- If Class 2 creditors will receive 100% of their allowed claims, then why will they not receive post-petition interest, as they would be entitled to in a chapter 7 liquidation? If there is some purpose for withholding post-petition interest other than artificially impairing Class 2 in order to create a consenting, impaired class, then it should be disclosed.

    3.    <u>Timing of Distributions</u> (§ 8.8) When will distributions to Class 2 creditors take place? Section 8.8 provides that a first distribution will be made "as soon as practicable after the Effective Date." The Disclosure Statement should provide more clarification. When and how much?

    4.    <u>Description of District Court Action</u> (p. 10): On December 4, 2019, Judge Orrick entered an Order Granting in Part and Denying in Part Motion for Judgment on the Pleadings in the District Court Action.[1] The Disclosure Statement should advise of the current status of this litigation.

    5.    <u>Estate Retained Claims</u> (p. 12): Are there any Estate Retained Claims other than the claim against the Buchalter firm? If so, what are they and what is the estimated value of these claims? What is the realistic recovery on the Buchalter claim net of anticipated attorneys' fees and costs? What counsel will prosecute the Buchalter claim, and how will counsel be

---

[1] Doc #78 in <u>Sullivan v. Finn</u>, Case No. 3:17-cv-05799-WHO, U.S. District Court, N.D. Cal.

DUANE MORRIS LLP
SAN FRANCISCO

compensated (hourly, contingency basis, something else)?  Does SVP's estate have any interest in the Estate Retained Claims?  If so, how will a recovery on the Estate Retained Claims be allocated between the estates?

6. <u>Compromise of Estate Retained Claims</u> (§ 8.13).  The Disclosure Statement states that reorganized SVC "shall provide 10 days' notice of the terms of any compromise greater than $250,000 by email to all parties requesting post-Effective Date notice…."  Presumably this figure refers to the amount of the claim held by the estate, and not the settlement amount.  If so, the Disclosure Statement should clarify.

7. <u>Post-Petition Operating Expenses</u> (§ 8.17).  SVC has no operating business and its business-related assets were liquidated in a Court-approved sale two years ago.  What operating expenses does SVC intend to "incur and pay … in the ordinary course of business"?

WHEREFORE, for all the foregoing reasons, the Disclosure Statement does not contain adequate information as required by § 1125, and the Court should decline to approve the Disclosure Statement unless the points outlined above are addressed.

Dated:  December 5, 2019  **DUANE MORRIS LLP**

By: /s/ Aron M. Oliner (152373)
Aron M. Oliner
Counsel to SVC Chapter 11 Trustee
TIMOTHY W. HOFFMAN