John D. Fiero (CA Bar No. 136557)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415.263.7000
Facsimile: 415.263.7010
E-mail: jfiero@pszjlaw.com

*Attorneys for Equity Owners
Ross Sullivan and Kelleen Sullivan*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| **In re** <br><br> **SVC,** <br><br> Debtor. | Case No. 17-10065-RLE <br><br> Chapter 11 <br><br> **SULLIVANS' OBJECTION TO SCHEDULED CLAIM OF TROVE PROFESSIONAL SERVICES LLC** <br><br> Pursuant to L.B.R. 9014-1, no hearing unless objection filed or hearing requested. |

Pursuant to section 502 of Title 11 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 3007, Ross and Kelleen Sullivan (the "Sullivans") hereby object (the "Objection") to the scheduled claim of Trove Professional Services LLC ("Claimant"). The Debtor scheduled a non-contingent, non-disputed, liquidated unsecured claim in the amount of $9,000.00 in favor of Claimant relating to services to be supplied under a cost-saving agreement (the "Trove Scheduled Claim"). However, the Sullivans have recently determined that the Trove Scheduled Claim was improperly calculated based on faulty advice. As discussed below, the amount due to Claimant on the Petition Date was less than $150.00.

**I.**

**STATEMENT OF FACTS**

Before the bankruptcies here were filed, the business formerly known as Sullivan Vineyards Corporation, and now known as SVC (the "Debtor") worked with Claimant on a cost-saving initiative under which the Debtor paid Claimant for certain operational savings realized by the winery. Under this arrangement, each month, the Debtor paid Claimant $537.94. Indeed, on February 2, 2017, the Debtor used check number 7855 to pay all amounts due to Claimant through

January 2017. Just a week or so later, on February 10, 2017 (the "Petition Date"), the Debtor commenced its bankruptcy case by filing a voluntary petition under chapter 11 of the Bankruptcy Code.

On February 15, 2017, the Debtor filed its schedules herein at Docket Number 25 (the "Schedules"). On page 33 of 40, the Debtor scheduled a non-contingent, liquidated, undisputed claim in the amount of $9,000.00 for Claimant. *See* Excerpt of Schedules, page 33 of 40, attached hereto as **Exhibit A**. The Sullivans now understand the Trove Scheduled Claim was the product of bad advice, and should never have been set anywhere near so high. After all, while amounts due from February 1 to February 10, 2017 likely constitute a pre-petition claim against the Debtor's estate, any other amounts due and owing thereafter under that contract (if any) would be an administrative claim, not a pre-petition claim. Using a simple yardstick of 10/28ths, the Sullivans believe that the actual pre-petition claim held by Claimant cannot and should not exceed $192.12, and ask that the Schedules on file in this case be amended to reflect this reduced amount.

## II.

## RELIEF REQUESTED

Pursuant to section 502 of the Bankruptcy Code, the Sullivans object to the Trove Scheduled Claim on the ground that the Debtor was only liable for $192.12, and ask that the Trove Scheduled Claim be deemed amended to reflect such amount.

## III.

## LEGAL ARGUMENT

A. **Trove's Pre-Petition Claim is for 10 Days of Service and Does Not Exceed $192.12**

The Debtor incorrectly scheduled the Trove Scheduled Claim due to faulty legal advice. As explained above, the only amount that could possibly be due and owing as of the Petition Date is $192.12. Any savings realized after the Petition Date and subject to the parties' agreement would be administrative claims under Bankruptcy Code section 503.

B. **Trove Bears the Burden of Proof**

The schedule of liabilities filed pursuant to section 521(a)(1) of the Bankruptcy Code constitutes prima facie evidence of the validity and amount of claims of creditors, unless claims are

scheduled as disputed, contingent, or unliquidated. Fed. R. Bankr. P. 3003(b)(1). However, scheduled amounts that are not listed as being contingent, unliquidated or disputed are no different from proof of claim amounts. *See* 11 U.S.C. §1111(a). Accordingly, a party may object to a scheduled amount as if it were a proof of claim.

When a party in interest objects to a scheduled claim, as is the case here, and raises "facts tending to defeat the claim by probative force," *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991), then "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)* 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), *aff'd* 91 F.3d 151 (9th Cir. 1996). "[T]he ultimate burden of persuasion is always on the claimant." *Holm,* 931 F.2d at 623.

As set forth above, the Sullivans submit that all amounts due to Claimant through the end of January 2017 were paid to Claimant pre-petition. Accordingly, the Trove Scheduled Claim should be disallowed and revised down to not more than $192.12. If Claimant believes that the Trove Scheduled Claim is valid and enforceable against the Debtor, it must present affirmative evidence demonstrating the validity of its claim against the Debtor.

## IV.

## RESERVATION OF RIGHTS

The Sullivans reserve the right, consistent with the local rules of this district, orders of the Court, and any applicable law, to amend, modify, and/or supplement this Objection, and to file additional, other, or further objections to any proofs of claims filed in this case, including, without limitation, objections as to the amounts asserted therein, or any other claims (filed or not) against the Debtor, regardless of whether such claims are subject to this Objection. Should one or more of the grounds of objection stated in this Objection be dismissed, the Sullivans Trustee reserve the right to object on other stated grounds or on any other grounds that it discovers during the pendency of this bankruptcy case.

//

//

//

3

DOCS_SF:102648.1 82168/001
Case: 17-10065   Doc# 510   Filed: 01/28/20   Entered: 01/28/20 13:27:26   Page 3 of 6

## V.

## CONCLUSION

For all the foregoing reasons, the Sullivans respectfully request that the Court enter an order: (a) sustaining this Objection, (b) disallowing the Trove Scheduled Claim, (c) deeming the Debtor's schedules amended to give Claimant a pre-petition general unsecured claim of $192.12, and (d) granting the Sullivans such other and further relief as may be appropriate under the circumstances.

Dated: January 28, 2019 PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ John D. Fiero*
John D. Fiero
*Attorneys for Equity Owners*
*Ross Sullivan and Kelleen Sullivan*

# **EXHIBIT A**

(Excerpt of Schedules)

Debtor  **Sullivan Vineyards Corporation**                               Case number (if known)   **17-10065**
         Name

| | | |
|---|---|---|
| **3.41** | **Nonpriority creditor's name and mailing address**<br>**Sunshine Foods Partners**<br>1115 Main Street<br>Saint Helena, CA 94574<br><br>Date(s) debt was incurred  **2016**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Trade payable**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$2,088.54** |
| **3.42** | **Nonpriority creditor's name and mailing address**<br>**Telepacific Communications**<br>PO Box 509013<br>San Diego, CA 92150-9013<br><br>Date(s) debt was incurred  **2016**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Trade payable**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$418.83** |
| **3.43** | **Nonpriority creditor's name and mailing address**<br>**Teresa Sullivan**<br>C/O Philip J. Terry, Esq.<br>100 B Street, Suite 400<br>Santa Rosa, CA 95401<br><br>Date(s) debt was incurred  **2016**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed<br><br>Basis for the claim:  **Disputed litigation claims**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **Unknown** |
| **3.44** | **Nonpriority creditor's name and mailing address**<br>**Thomas R. Harnett LLC**<br>965 Marina Drive<br>Napa, CA 94559-4744<br><br>Date(s) debt was incurred  **2016**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Services provided**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$4,750.00** |
| **3.45** | **Nonpriority creditor's name and mailing address**<br>**Toyota Material Handling**<br>PO Box 398526<br>San Francisco, CA 94139-8526<br><br>Date(s) debt was incurred  **2016**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Trade payable**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$1,855.65** |
| **3.46** | **Nonpriority creditor's name and mailing address**<br>**Trinity Scott**<br>C/O Philip J. Terry, Esq.<br>100 B Street, Suite 400<br>Santa Rosa, CA 95401<br><br>Date(s) debt was incurred  **2016**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>■ Unliquidated<br>■ Disputed<br><br>Basis for the claim:  **Disputed litigation claims**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **Unknown** |
| **3.47** | **Nonpriority creditor's name and mailing address**<br>**Trove Professional Services LLC**<br>2081 Center Street<br>Berkeley, CA 94704<br><br>Date(s) debt was incurred  **10/3/2014**<br>Last 4 digits of account number __ | As of the petition filing date, the claim is: *Check all that apply.*<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed<br><br>Basis for the claim:  **Services provided**<br>**(Claim amt. is estimated)**<br><br>Is the claim subject to offset?  ■ No   ☐ Yes | **$9,000.00** |

Official Form 206 E/F                     Schedule E/F: Creditors Who Have Unsecured Claims                     Page  8 of 10
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                               Best Case Bankruptcy

Case: 17-10065   Doc# 25    Filed: 02/15/17    Entered: 02/15/17 21:45:58    Page 33 of 40
Case: 17-10065   Doc# 510   Filed: 01/28/20    Entered: 01/28/20 13:27:26    Page 6 of 6