PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

Attorneys for Creditor Stephen A. Finn

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>    SVC,<br><br>            Debtor. | Case No. 17-10065-RLE<br><br>CHAPTER 11<br><br>**STEPHEN A. FINN'S MOTION FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018**<br><br>**Hearing**: February 26, 2020, or as otherwise set by the Court<br>**Time**: 10:00 a.m.<br>**Place**: 1300 Clay Street, Room 201<br>        Oakland, CA 94612<br>**Judge**: Hon. Roger L. Efremsky<br><br>**Objection Deadline**: Finn intends to move for shortened time to have this Motion heard on February 26, 2020 with an objection deadline to be set by the Court |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES CHIEF BANKRUPTCY JUDGE, TRUSTEE, DEBTORS, AND ALL INTERESTED PARTIES:**

Stephen A. Finn ("Finn"), through his undersigned counsel, submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

-1-

Rules") temporarily allowing Trove Professional Services LLC's ("Trove") scheduled general unsecured claim (the "Trove Claim"), now owned by Finn, and Finns' disputed claim against SVC (the "Finn SVC Claim," and together with the Trove Claim, the "Disputed Claims") in full for plan voting purposes only. In support of this Motion, Finn respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. Finn seeks the temporary allowance of his Disputed Claims in full for voting purposes only. Finn's claims against the SVC are being targeted by the Sullivans, as Plan Proponents, in order to prevent Finn from voting on the Sullivans' Plan and to influence acceptance of a Plan that unfairly benefits the Sullivans at the expense of Finn.

2. Finn SVC Claim. The Finn SVC Claim arises from prepetition secured loan obligations and indemnity provisions in the SVC by-laws. Finn has a properly filed proof of claim which he has amended throughout the case to account for the changes in its amount. The Sullivans classified the Finn SVC Claim as a "Disputed Claim" in the Plan, which, under the terms of the Plan, strips Finn of his ability to vote that claim. The Sullivans do not separately renew an objection to the Finn SVC Claim. Finn asks the Court to allow the Finn SVC Claim in full for voting purposes only in order to prevent the inequitable outcome of being unfairly excluded from voting by the Plan Proponents.

3. Trove Claim. The Sullivans filed their Trove Claim Objection to the scheduled Trove Claim almost three full years after they included the claim on the SVC Schedules, signed by Ross Sullivan under penalty of perjury, as non-contingent, liquidated, and undisputed. The Trove Claim Objection came just two weeks before the deadline to vote on the Plan Proponents' Plan and only after the Sullivans became aware that Finn's counsel had approached Trove about purchasing its claim. Under the terms of the Plan, the Trove Claim cannot be voted in its full scheduled amount because it is now considered a "Disputed Claim" under the terms of the Plan.

4. Finn, the recent transferee of the Trove Claim, believes it is inequitable that the Plan Proponents can impair his ability to vote the full scheduled amount of the Trove Claim by filing the Trove Claim Objection at the eleventh hour. Leaving aside the merits of the objection,

-2-

4845-5715-7556

which Finn asserts are meritless and will respond to separately, Finn asks the Court to temporarily allow the full scheduled amount of the Trove Claim for the purposes of voting on the Plan Proponents Plan.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b), and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal bases for the relief sought herein are sections 105(a) and 502(b) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3018 of the Bankruptcy Rules.

## RELIEF REQUESTED

6. Finn requests entry of an order temporarily allowing the Trove Claim for Plan voting purposes only.

## BACKGROUND

7. SVC filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on February 1, 2017 (the "<u>SVC Case</u>"). On August 24, 2017, the Sullivans were removed as debtors-in-possession in the SVC Case by the Court in favor of a chapter 11 trustee (the "<u>Trustee</u>"). *See* Dkt. Nos. 196 and 199.

8. On February 15, 2017, SVC filed its Schedules of Assets and Liabilities (the "<u>SVC Schedules</u>") [Docket No. 25]. Ross Sullivan, a Plan Proponent, signed the SVC Schedules under penalty of perjury attesting that the Trove Claim was a non-contingent, liquidated, and undisputed general unsecured claim in the amount of $9,000. *See* SVC Schedules at Schedule E/F, 3.47.

9. On April 10, 2017, Finn filed his initial proof of claim for the Finn SVC Claim. Claim No. 14-1. Finn subsequently filed amendments to the Finn SVC Claim on March 6, 2018 and September 11, 2018. On March 16, 2018, the Sullivans filed an *Objection to Proofs of Claim Filed by Stephen A. Finn (Claims 13 and 14)* [Dkt. No. 310] (the "<u>Finn Claim Objection</u>"), seeking to disallow Mr. Finn's Claim. No hearing has been set on the Finn Claim Objection and the Sullivans have not pursued the Finn Claim Objection. Despite classifying the Finn SVC Claim as

-3-

a "Disputed Claim" in the Plan, the Sullivans have resisted attempts by Finn to seek discovery on the Finn Claim Objection. *See* Order Granting Motion to Quash at Docket No. 369.

10. In January 2020, Finn began discussions with Trove to purchase the Trove Claim. Finn and Trove ultimately entered into an agreement for Finn to purchase the claim during the last week of January 2020. Then, on January 28, 2020, the Sullivans filed their *Objection to Scheduled Claim of Trove Professional Services LLC* (the "Trove Claim Objection") [Docket No. 510]. The Sullivans have not objected to claims held by any other parties.

## ARGUMENT

11. Pursuant to Bankruptcy Rule 3018(a), "[n]otwithstanding objection to a claim or interest, the court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a). The policy behind temporarily allowing claims is "to prevent possible abuse by plan proponents" who attempt to ensure acceptance of a plan by gaming the system through objections to the claims of dissenting creditors. *In re Armstrong*, 292 B.R. 678, 686 (10th Cir. BAP 2003); *see also In re Harmony Holdings, LLC*, 395 B.R. 350, 353–54 (Bankr. D. S.C. 2008) ("[O]ne can easily visualize a situation where it would be grossly unfair and unjust to disenfranchise any claim or interest just because a debtor interposed an objection to the allowance of the claim or interest. … To achieve justice, some discretion must be left to the court to deal with the problem just described.") (internal quotation marks and citation omitted). In short, Bankruptcy Rule 3018(a) "was designed to give all creditors, **even those holding disputed claims**, the opportunity to vote." *In re Century Glove, Inc.*, 88 B.R. 45, 46 (Bankr. D. Del. 1988) (emphasis added).

12. The decision to grant temporary allowance of a claim for voting purposes under Bankruptcy Rule 3018 is at the reasonable discretion of the bankruptcy court. *See Pension Ben. Guar. Corp. v. Enron Corp.*, No. 04 CIV. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1, 2004). There is a presumption in favor of temporarily allowing a disputed claim for purposes of voting. *See In re Amarex Inc.*, 61 B.R. 301, 303 (Bankr. W.D. Okla. 1985) ("[T]o allow [the disputed claims] to vote on the plans, even though some may be eventually disallowed for purposes

-4-

of distribution, is more in keeping with the spirit of chapter 11 which encourages creditor vote and participation in the reorganization process.").

13. Finn submits that the Court should temporarily allow the Disputed Claims for voting purposes only. Although Bankruptcy Rule 3018(a) requires a hearing for calculating a claim, only a "summary-type hearing is contemplated." *In re Zolner*, 173 B.R. 629, 633 (Bankr. N.D. Ill. 1994); *see also*, e.g., *In re FRG, Inc.*, 121 B.R. 451, 456 (Bankr. E.D. Pa. 1990) (stating that for the calculation pursuant to Bankruptcy Rule 3018(a), "a very truncated trial process may be developed which is consistent with the dictates of due process of law").

14. The Bankruptcy Code and the Bankruptcy Rules provide little to no guidance as to how a court should calculate a claim for voting purposes. *In re Quigley Co.*, 346 B.R. 647, 653 (Bankr. S.D.N.Y. 2006). Although courts may "employ whatever method is best suited to the circumstances of the case," *In re Ralph Lauren Womenswear, Inc.*, 197 B.R. 771, 774 (Bankr. S.D.N.Y. 1996), any calculation "should ensure that the voting power is commensurate with the creditor's economic interests in the case." *In re Quigley Co.*, 346 B.R. at. To calculate the amount of a claim to be temporarily allowed, courts have considered: (a) the debtor's scheduling of the claim, (b) the proof of claim filed, and (c) the debtor's objection. *In re Stone Hedge Properties*, 191 B.R. 59, 65 (Bankr. M.D. Pa. 1995). Calculation of a claim under Bankruptcy Rule 3018(a), however, is not binding on (i) the ultimate validity or amount of the claim or (ii) any causes of action before a non-bankruptcy court. *See In re Quigley Co.*, 346 B.R. at 654.

15. The Finn SVC Claim is a properly filed proof of claim. Certain portions of the Finn SVC Claim have been paid by order of this Court, but other amounts remain unpaid. The Finn SVC Claim is problematic for the Plan Proponents because Finn intends to vote against the Sullivans' Plan due to the Plan's inequitable treatment of his claim. The Sullivans seek to avoid Finn voting the Finn SVC Claim against the Plan simply by categorizing the claim as a "Disputed Claim" and thus disenfranchising Finn of his right to vote. This is precisely the type of conduct that Rule 3018(a) is in place to prevent. The Sullivans chose not to pursue the Finn Claim Objection

-5-

and therefore should not be allowed to reap the benefits unless they are able to successfully prosecute that objection.

16. The Trove Claim was scheduled as a non-contingent, liquidated, and undisputed general unsecured claim under penalty of perjury by the exact same parties now objecting to it. The SVC Trustee has been in place for over two years and not objected to the Trove Claim or filed a statement in support of the Trove Claim Objection. It is clear that the Sullivans learned that Finn was purchasing the Trove Claim and immediately filed an objection to the claim in order to prevent Finn from voting the full scheduled amount of the Trove Claim on the Sullivans' Plan. This use of claim objections to prevent creditors from voting on a plan of reorganization is wrong and inequitable.

17. While Finn believes the Trove Claim Objection and the classification of the Finn SVC Claim as a "Disputed Claim" is a meritless ploy to attempt to influence the voting on the Plan, those arguments should be heard and resolved separately. To that end, Finn is not seeking final allowance of the Disputed Claims through this Motion. Rather, Finn seeks temporary allowance of the Disputed Claims for voting purposes only.

## **RESERVATION OF RIGHTS**

18. Nothing herein constitutes, is intended to be, or shall be deemed to be an admission or otherwise determinative of, relevant to, or preclusive upon the ultimate validity or amount of the Disputed Claims or for any other purpose. Finn does not waive, and expressly reserves, all rights, arguments, counterarguments, and defenses, including, without limitation, the right to contest in any court of competent jurisdiction any objection to the basis and/or validity of the ultimate amounts of the Disputed Claims.

-6-

4845-5715-7556

## CONCLUSION

For all of the foregoing reasons, the Finn respectfully submits that the Disputed Claims should be temporarily allowed, in such amount as the Court may determine, solely for purposes of voting on the Plan.

Dated: February 12, 2020

By   */s/ Philip S. Warden*
    Philip S. Warden

Philip S. Warden (SBN 54752)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
philip.warden@pillsburylaw.com

*Attorneys for Stephen A. Finn
and Winery Rehabilitation, LLC*

-7-

4845-5715-7556

**Exhibit A**
Proposed Order

PHILIP S. WARDEN (SBN 54752)
philip.warden@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200

Attorneys for Creditor Stephen A. Finn

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SANTA ROSA DIVISION**

| | |
|---|---|
| In re<br><br>    SVC,<br><br>           Debtor. | Case No. 17-10065-RLE<br><br>CHAPTER 11<br><br>**ORDER GRANTING STEPHEN A. FINN'S MOTION FOR TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES PURSUANT TO BANKRUPTCY RULE 3018** |

Upon consideration of the motion (the "Motion") of Stephen A. Finn ("Finn") for an order, pursuant to Federal Rule of Bankruptcy Rule 3018 seeking temporary allowance of claims for voting purposes; this Court finds and concludes that the Court has jurisdiction over the subject matter of the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b); the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; notice of the Motion was sufficient, and no other or further notice need be provided; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED that:

    1.    The Motion is granted to the extent set forth herein.

    2.    Pursuant to Federal Rule of Bankruptcy Procedure 3018(a), the Disputed Claims are temporarily allowed, solely for the purpose of voting on the Plan.

3.     The temporary allowance of the Disputed Claims shall not be deemed, in any way, determinative of or preclusive upon the ultimate validity or amount of the Disputed Claims in the SVC Case.

4.     Nothing in this Order shall impact in any way any rights, claims, defenses, arguments, or counterarguments of Finn in connection with the defense of the Disputed Claims.

5.     The Debtor and Finn are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.     The terms and conditions of this order shall be immediately effective and enforceable upon its entry.

7.     The court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

** END OF ORDER **

-10-