PHILIP S. WARDEN (SBN 54752)
 philip.warden@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone:     415.983.1000
Facsimile:     415.983.1200

*Attorneys for Stephen A. Finn*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>    SVC,<br><br>         Debtor. | Case No. 17-10065-RLE<br><br>CHAPTER 11<br><br>**STEPHEN A. FINN'S RESPONSE TO SULLIVANS' OBJECTION TO SCHEDULED CLAIM OF TROVE PROFESSIONAL SERVICES LLC** |

**TO THE HONORABLE ROGER L. EFREMSKY, UNITED STATES CHIEF BANKRUPTCY JUDGE, TRUSTEE, DEBTORS, AND ALL INTERESTED PARTIES**:

Stephen A. Finn ("Finn"), through his undersigned counsel, submits this response to the *Objection to Scheduled Claim of Trove Professional Services LLC* (the "Claim Objection") filed by Ross and Kelleen Sullivan (the "Sullivans") [Dkt. No. 510], and respectfully represents as follows:

## BACKGROUND

1. SVC and Trove Professional Services LLC ("Trove") entered into a Services Agreement, effective September 8, 2014 (the "Trove Agreement"). A copy of the Trove Agreement is attached as **Exhibit A**. Under the terms of the Trove Agreement, Trove would review SVC's utilities and vendors for prior billing errors, improvements, and/or cost savings. Trove

-1-

4822-5422-5332

Agreement, ¶ 1. In exchange for providing these services, SVC agreed to pay Trove 50% of the savings Trove achieved from Trove's review upon realization of the savings. Trove Agreement, ¶ 7. The Trove Agreement does not provide for any other compensation than that derived from savings provided to SVC.

2. On February 1, 2017 (the "Petition Date") SVC filed a voluntary petition for relief under chapter 11 of Bankruptcy Code (the "SVC Case"). On August 24, 2017, the Sullivans were removed as debtors-in-possession in the SVC Case by the Court in favor of a chapter 11 trustee (the "Trustee"). *See* Dkt. Nos. 196 and 199.

3. On February 15, 2017, SVC filed its Schedules of Assets and Liabilities (the "SVC Schedules") [Docket No. 25]. Ross Sullivan signed the SVC Schedules under penalty of perjury attesting that Trove held a non-contingent, liquidated, and undisputed general unsecured claim in the amount of $9,000. *See* SVC Schedules at Schedule E/F, 3.47.

4. In January 2020, Finn began discussions with Trove to purchase the Trove Claim. Finn and Trove ultimately entered into an agreement for Finn to purchase the claim during the last week of January. Then, on January 28, 2020, the Sullivans filed their Claim Objection.

**ARGUMENT**

5. Rule 3003(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that a scheduled claim shall constitute prima facie evidence of the validity and amount of the claim, unless it is scheduled as disputed, contingent, or unliquidated. To overcome this presumption of validity, the objecting party must present evidence with probative force equal to that of the claim. *Lundell v. Anchor Constr. Specialists, Inc.*, 223 F.3d 1035, 1039 (9th Cir. 2000). In short, the objecting party's task is to produce credible evidence to refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 1040. The Sullivans have not only not produced credible evidence to refute the Trove Claim, the Sullivans have not produced any evidence at all to refute the Trove Claim.

6. Trove entered into an agreement with SVC to analyze its utilities and vendor costs and implement savings where it found billing errors, improvements, and/or cost savings. Trove's

-2-

4822-5422-5332

compensation under the terms of the Trove Agreement was based exclusively on the amount of savings it provided to SVC and Trove was not paid a monthly fee. The Sullivans provide no basis for their claim that "[u]nder this arrangement, each month, the Debtor paid Claimant $537.94." Claim Objection, Page 1, Line 27. In fact, this statement is directly contradicted by the terms of the Trove Agreement which provides for SVC to pay Trove 50% of the savings that Trove provided to SVC. Trove Agreement, ¶ 7. The Sullivans provide no support for their bald assertion that there was a monthly fee.

7. The Sullivans were the debtors-in-possession for SVC for six months from the Petition Date until they were replaced by the Trustee. While debtors-in-possession, they filed the SVC Schedules under penalty of perjury identifying the Trove Claim as a non-contingent, liquidated, and undisputed general unsecured claim in the amount of $9,000. During their six months as debtors-in-possession, they did not amend the SVC Schedules to reflect that they thought there was a problem with the Trove Claim. After being replaced by the Trustee, they were very active participants in the SVC Case for over two years. This includes filing several plans of reorganization. The Sullivans did not file any objection to the Trove Claim during this period either. Now, almost three years into the SVC Case and after finding out that Finn was purchasing the Trove Claim, the Sullivans have determined that they listed an incorrect amount for the Trove Claim on the SVC Schedules.

8. The Claim Objection relies on the Sullivans' assertion that the Trove was paid a monthly fee of $537.94 but provides no evidence to support the assertion. The Trove Agreement by its own terms states that Trove was to be paid as a percentage of savings provided to SVC. The Sullivans have failed to meet their burden. Accordingly, the Claim Objection should be overruled.

-3-

Case: 17-10065    Doc# 534    Filed: 02/27/20    Entered: 02/27/20 18:53:04    Page 3 of 7

4822-5422-5332

# **CONCLUSION**

WHEREFORE, Stephen A. Finn respectfully requests that the Court overrule the Claim Objection, and grant such other relief as the Court deems appropriate.

Dated: February 27, 2020

By  */s/ Philip S. Warden*
    Philip S. Warden

Philip S. Warden (SBN 54752)
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111-5998
Telephone: 415.983.1000
Facsimile: 415.983.1200
philip.warden@pillsburylaw.com

*Attorneys for Stephen A. Finn*

-4-

4822-5422-5332

# Exhibit A

**Trove Agreement**

DocuSign Envelope ID: 97B0CF46-1C3D-4E77-937E-920FBA7E2EB7



This Services Agreement, effective this 8th of September, 2014, is made between Sullivan Vineyards, 1090 Galleron Road, Rutherford, CA 94573 (Client) and Trove Professional Services LLC, 2081 Center St, Berkeley, CA 94704 (Trove).

**AGREEMENT TERMS**

1. The Client authorizes Trove to review its utilities & vendors for prior billing errors, improvements and/or cost savings. This review will include a review of existing systems, services, equipment, subscriptions, suppliers and plans, and the client agrees to provide Trove with a complete list of any planned changes, additions, or reductions in current vendor services prior to initiation of the audit and make no other changes to its plans or systems during Trove's 60 to 180 day review.

**Scope of the audit includes:**

| Credit Card Processing | Payroll Processing | Office Phone | Office Internet | Wireless Phones |
|---|---|---|---|---|
| Office Supplies | Waste Management | Copier/Printer | Alarm | Accounting/POS Software |

2. Cost savings may be realized in the following manner: Refunds and ongoing savings as a result of errors and overcharges found in historical bills, charges for items that are unnecessary and do not affect service, negotiating a more cost-effective plan with another supplier or your existing supplier, savings arising from Trove recommendations for service changes adopted by Client.

3. The Client hereby authorizes Trove to pursue cost savings identified above without impacting the client's operations. The Client is not required under any circumstances to change vendors. Any recommendations acted upon by the Client within 48 months of submission by Trove shall be deemed accepted by the Client and the corresponding fee due to Trove.

4. The Client represents that it is not currently under contract with and will not engage another firm or individuals to perform bill auditing and consulting services as agreed to hereunder during the 120 days following the date of this Agreement. If Client engages any other firm or individuals to perform bill auditing and consulting services in violation of this Agreement, Client shall pay to Trove 50% of any credits, refunds and savings realized as if such credits, refunds and savings had been obtained by Trove.

5. The Client will provide access to all the items necessary to complete audit to Trove.

6. Trove shall hold all Client records and information in the strictest confidence and all of Trove's recommendations, actions and suggestions submitted to the Client in the strictest confidence.

**PAYMENT TERMS**

7. The Client agrees to pay Trove 50% of the savings achieved from Trove's review upon realization of the savings.
    a) Amounts due resulting from one time historical refunds or adjustments will be billed by Trove and shall be paid by Client within 10 days of the date Client receives refund from the vendor/supplier.
    b) Amounts due as a result of recurring savings from Item 2 above will be paid by Client to Trove via 48 recurring monthly ACH payments during the 48 months following the review. Volume based savings will be calculated and billed by Trove on a quarterly basis.  **If the Client does not receive a refund, credit, or cost reduction, there will be no fee due to Trove.  Payment to Trove is only due AFTER savings are realized.**

8. Both parties agree that this Agreement is final and all-inclusive and cannot be amended unless agreed to in writing by both parties. The laws of California shall apply in the event of any dispute and both parties agree to the personal jurisdiction of the courts of San Francisco, CA.  In the event of a dispute, the losing party shall pay court costs and legal fees.

DocuSign Envelope ID: 97B0CF46-1C3D-4E77-937E-920FBA7E2EB7



PROFESSIONAL SERVICES

**Sullivan Vineyards**

By: _Angelica de Vere_
Signature: *Angelica de Vere*
—6D9B987830784E6...
Title: _CEO_

Date: _10/3/2014_

**Trove Professional Services LLC.**

By: _Kevin McClure_
Signature: *kevin McClure*
—B9E5EF0327164D3...
Title: _President_

Date: _10/2/2014_