

The following constitutes the order of the Court.
Signed: June 25, 2020

_____

**Roger L. Efremsky**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No.:  17-10065 RLE |
| SVC, | Chapter 11 |
| Debtor. | **ORDER ESTABLISHING REMOTE TRIAL PROCEDURES** |

On January 28, 2020, Equity Owners Ross Sullivan and Kelleen Sullivan (the "Sullivans") filed an Objection (the "Objection") to Scheduled Claim of Trove Professional Services, LLC (the "Trove Claim").  Stephen A. Finn ("Finn"), the purported purchaser of the Trove Claim, filed a response to the Objection on February 27, 2020.  After multiple hearings, the court scheduled a trial on the matter.

The Motion is scheduled for trial beginning on **July 24, 2020, at 9:00 a.m.** (the "Trial"). The Trial is scheduled for **2 hours.**

The Court is closed to an in-person trial as a result of the dangers presented by the COVID-19 pandemic.  In accordance with Federal Rule of Civil Procedure 43(a), made applicable by Federal Rule of Bankruptcy Procedure 9017, for good cause in compelling circumstances and with

1

appropriate safeguards, the court may permit testimony by contemporaneous transmission from a location other than the courtroom. The Court finds that the public danger presented by the COVID-19 pandemic merits application of this rule as to all witnesses who may remotely testify at this Trial, through the use of video conferencing technology.

Further, the Court finds that the procedures adopted herein will provide "adequate safeguards" for purposes of Federal Rule 43(a) and ensure due process of law. These procedures will (i) enable the Court to identify, communicate with, and judge the demeanor of all witnesses in real time, (ii) enable counsel for the parties to see and hear the witness testimony, interpose objections, and communicate with the Court in real time, (iii) enable the parties, the witnesses and the Court to have simultaneous access to an identical set of pre-marked exhibits, (iv) avoid any undue influence or interference with the witnesses in connection with their testimony, and (v) preserve the ability of any witness to be represented by counsel during the proceeding, and to communicate with such counsel as the Court deems appropriate.

Accordingly, it is hereby **ORDERED**:

1. <u>Video Hearing.</u> The Trial shall take place using the video conferencing hearing provider and procedures described herein. Participants in the Trial will be connected with the courtroom using these technologies but will not be physically present in the courtroom. The Court will utilize Zoom Video Webinar.

        a. <u>Zoom Video Webinar.</u> The Court staff will provide a link or URL (internet address) that enables participation in the video hearing, to the list of persons identified by the parties in accordance with Paragraph 3 below.

2. <u>Required Equipment.</u> For purposes of participation in the Trial, each participating attorney and each witness must have simultaneous access to (1) a computer, equipped with a camera, that is capable of receiving and transmitting audio and video using the Court's video hearing provider, or a tablet or smart phone that satisfies the following requirements, (2) Internet browsing software that is adequate to facilitate the Court's video hearing provider, (3) an Internet connection with bandwidth adequate to support the individual's use of the video hearing provider, and (4) Adobe Acrobat Reader for purposes of reviewing exhibits, as directed by counsel or the

2

Court. The computer device must have sufficient video and audio capabilities to allow the speaker to hear and be heard by other participants on a consistent basis. Further, the attorney or witness using it must be situated in a location with wi-fi, cellular, or other service adequate to provide clear audio and video.

        3.      <u>Prior Notice of Trial Participants</u>. No later than **July 17, 2020**, the parties shall provide to the courtroom deputy (monica_burley@canb.uscourts.gov), and to each other, a list of all attorneys and witnesses who will participate in the Trial, together with an email address and telephone number for each. The telephone number provided should be a number at which the attorney or witness can be reached during the Trial in the event of an interruption of the video feed. This requirement is in addition to any requirements previously established by the Court for the parties to disclose to each other, by a date certain, the identity of the witnesses they intend to present at trial.

        4.      <u>Electronic Submission of Trial Brief and Exhibits.</u> No later than **July 17, 2020**, the parties shall provide to the courtroom deputy (monica_burley@canb.uscourts.gov), each other, and each witness, a .pdf (Adobe Acrobat) file of a trial brief, as well as each exhibit the parties may use at Trial for any purposes, including witness declarations. The parties may distribute these electronic documents by way of a secure link to an FTP or other file sharing service, if necessary. Exhibits to be used solely for rebuttal or impeachment shall be submitted to the courtroom deputy only and identified and marked as such. If rebuttal or impeachment exhibits are required at trial, the courtroom deputy will simultaneously transmit them to all counsel and the witness.

        Each counsel shall provide a separate, initial .pdf file containing a list of the exhibits, identifying each exhibit by exhibit number or letter and a brief description. The .pdf files shall be named sequentially. The Sullivans' exhibits shall be numbered as follows: D_Ex_1, D_Ex_2, D_Ex_3, etc. Finn's exhibits shall be lettered as follows: C_Ex_A, C_Ex_B, C_Ex_3, etc.

3

Lengthy exhibits should be bookmarked, so as to allow counsel, witness and the court to readily access the relevant portion(s) of the exhibit.

Upon receipt of the electronic documents (or a download link), each attorney and witness shall take the steps necessary to ensure that all electronic documents can be successfully opened and are readily available during the Trial.

5. <u>Remote Witness Testimony.</u> Having found "good cause in compelling circumstances" and "adequate safeguards," any witness called to testify at the Trial shall testify by contemporaneous transmission from a different location into the video courtroom (each a "Remote Witness").

        a. All Remote Witnesses shall be placed under oath and their testimony shall have the same effect and be binding upon the Remote Witness in the same manner as if such Remote Witness was sworn and testified in open court.

        b. Each Remote Witness shall provide their testimony from a quiet room and must situate themselves in such a manner as to be able to both view the video and be seen by the Court.

        c. While the Remote Witness is sworn and testifying: (i) no person may be present in the room from which the Remote Witness is testifying, (ii) the Remote Witness may not have in the room any documents except the exhibit submitted by the parties pursuant to Paragraph 4 above [and any declaration submitted in lieu of direct testimony], and (iii) may not communicate with any other person regarding the subject of their testimony, by electronic means or otherwise. If the witness or their counsel seek to communicate with one another, either shall openly request a recess for such purpose. If such request is granted by the Court, the witness and their counsel may privately confer "offline," i.e., by telephonic means that are not transmitted to the other parties.

        d. Remote Witnesses will provide direct testimony by declaration submitted by the parties pursuant to Paragraph 4 above. Remote Witnesses shall be available for

4

cross examination.  Failure of a Remote Witness to be available for cross

examination may result in striking of the Remote Witness declaration.

6.    Courtroom Formalities.  Although conducted using video conferencing technology, the Trial constitutes a court proceeding.  No person shall record— from any location or by any means—the audio or video of the Trial.  The audio recording created and maintained by the Court shall constitute the official record of the Trial.  Further, the formalities of a courtroom shall be observed.  Counsel and witnesses shall dress appropriately, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court and its proceedings.

7.    Retention of Jurisdiction.  The Court retains jurisdiction with respect to all matters arising from or related to this Order.


*** END OF ORDER ***

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | No Court Service Required |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

6